## 51552. STRICKLAND v. THE STATE.

MARSHALL, Judge.

The appellant brings this appeal from his conviction for voluntary manslaughter arising out of mutual combat with a resultant sentence of 20 years, 13 years to be served in the penitentiary and 7 years on probation. He enumerates eight alleged errors. *Held:*

1. In the first four enumerations, appellant complains on general grounds that the trial court erred in denying his motion for a new trial. The record shows that appellant Strickland and the deceased Hatcher were neighbors whose property was adjoining. They had been neighbors for several years before the fatal altercation. Because of an earlier dispute involving appellant's dozen pit bulldogs which he maintained on his property, the two families lived in a strained, hostile relationship, not speaking to each other or allowing their children to associate with each other.

Shortly before the fatal incident, Mrs. Hatcher started a compost pile in the rear of the Hatcher yard but

420

close to Strickland's dog pens. Mrs. Hatcher placed kitchen scraps on the compost pile. Strickland and his wife interpreted the compost pile as the dumping of garbage intended to insult and demean them and their property and in further derogation of the poor esteem with which the Hatchers held their family. Mrs. Strickland became very upset about the "garbage" and demanded that her husband do something about it.

Though much of this evidence is in conflict, it is uncontradicted that Strickland at about midnight on the night of the shooting, and immediately after seeing the "garbage" and upon hearing the demand of his wife, called Hatcher on the telephone. The two men agreed to meet on the street outside their adjoining homes. Both men obtained loaded .38 caliber pistols and went outside to the street. Again the evidence is in conflict as to which man fired the first shot or exactly how many shots were fired, but both men fired at or in the direction of the other. The ultimate result was that Strickland was unharmed and Hatcher was struck approximately three times, resulting in his death.

Though in its totality, there were conflicts in the evidence, there was ample evidence to raise the issue of mutual combat and require the trial court to instruct on this type of voluntary manslaughter. *Askins v. State,* 210 Ga. 532, 538 (81 SE2d 471). Moreover, the state of the evidence was such as to warrant the jury to conclude that these two men mutually agreed to some form of combat, and, in view of the evidence, that both men armed themselves with pistols, that the agreement was to engage in combat with deadly weapons.

If, upon a sudden quarrel, the parties agree to a fight, or fetch their weapons and fight, and one of them is killed, such killing is voluntary manslaughter, no matter who strikes the first blow. *Sheffield v. State,* 188 Ga. 1, 7 (2 SE2d 657). A mutual intention to fight need not be proved directly, but may be inferred by the jury from the conduct of the parties. *Sapp v. State,* 2 Ga. App. 449 (58 SE 667). "Being suddenly aroused by anger, and mutually intending to fight, the law of mutual combat is involved. Such combat sufficiently appears where it is shown that there was a mutual intent by the accused and deceased to

fight, and one or more shots were fired. It makes no difference who fires the first shot, nor is it necessary that both parties shoot." *Johnson v. State,* 173 Ga. 734, 742 (161 SE 590). See also: *Brannon v. State,* 188 Ga. 15, 18 (2 SE2d 654).

Where there is conflicting evidence as to the guilt of an accused, the jury is required to determine the issue. If there is evidence of guilt, the jury is authorized to return a verdict of guilty. *Carnes v. State,* 28 Ga. 192. Strickland claimed he fired only in self-defense. That theory was fully presented to the jury and the claimed justification rejected by the jury. Where there is evidence to support the verdict, it will not be disturbed on appeal. *Johnson v. State,* 231 Ga. 138 (200 SE2d 734); *Barrett v. State,* 129 Ga. App. 72 (199 SE2d 116).

2. In his fifth and sixth enumerations of error, appellant contends the state improperly introduced evidence of other crimes, thereby placing his character into issue without lawful cause. The first occurred when the state adduced testimony from Mrs. Hatcher that a neighbor attempted to approach the motionless and recumbent body of her husband. As the neighbor came close, Strickland allegedly pointed the pistol at the neighbor, Perry, and ordered Perry to stay away. Later Perry was allowed to testify to the same occurrence, as was Perry's wife.

It is the general rule that unconnected crimes not tending to prove any element of the case are inadmissible and prejudicially so as tending to place the character of the defendant in evidence. *Bacon v. State,* 209 Ga. 261 (71 SE2d 615); *Fitzgerald v. State,* 184 Ga. 19 (190 SE 602).

There are exceptions to this rule, as when the extraneous crime forms part of the res gestae or where it tends to prove malice, intent, motive. *State v. Luke,* 232 Ga. 815, 816 (209 SE2d 165); *King v. State,* 230 Ga. 581 (198 SE2d 305).

Evidence that Strickland thwarted an attempt to render assistance clearly is admissible as supportive of his intent to kill the victim. Though appellant advanced other reasons for his actions, this did not render the evidence inadmissible. Under these facts, the evidence clearly fell within the dual exceptions of res gestae and

proof of malice and intent. *State v. Luke,* 232 Ga. 815, supra.

The second reference to uncharged misconduct occurred when a police officer was allowed to testify that he smelled alcohol on Strickland at the time of Strickland's arrest. Short of public drunkenness, the private use of alcoholic beverages is not a crime. Furthermore, it is well established that evidence relating to the time and place of arrest, whether the defendant was armed or resisted, and all other circumstances connected with the arrest, are proper matters to be submitted to the jury. It is noted there was no evidence of drunkenness or violence at the time of arrest. This evidence was lawfully admitted. *Henderson v. State,* 227 Ga. 68, 82 (179 SE2d 76); *Wooten v. State,* 224 Ga. 106 (160 SE2d 403).

3. In Enumeration 7, appellant asserts the prosecutor improperly referred to "a statement" made by appellant at the time of arrest which statement had been previously ruled inadmissible by the trial court.

The reference was in a question of the prosecutor in which the witness, a police officer, was asked, "Was anything said?" to which the policeman responded, "Yes, sir." Who made the statement, and what was said was never revealed to the jury. The question was not necessarily directed to any statements made by appellant as several other persons were present. The prosecutor apparently was attempting to have the arresting officer explain his own actions and what caused him to act in that manner. We find no error in this testimony.

4. In his eighth and final enumeration of error, appellant complains that the giving of a charge on mutual combat was erroneous and having been given, was improperly worded. As indicated in Division 1 of this opinion, the evidence raised the issue of mutual combat. Such evidence authorized the instruction. In the absence of a request therefor, if there is evidence raising the issue whether the offense is murder or voluntary manslaughter, instructions as to both offenses may be given the jury within the sound discretion of the trial court. *State v. Stonaker,* 236 Ga. 1. See also: *Gresham v. State,* 216 Ga. 106 (115 SE2d 191); *Askins v. State,* 210 Ga. 532, 538, supra.

Appellant further complains that the charge as given was misleading and confusing apparently because the charge referred to a "fight" and did not restrict mutual combat to an encounter with deadly weapons. In its totality, the charge referred both to a "fight" and an encounter with "deadly weapons." We have examined the charge carefully and find no uncertainty, ambiguity, or confusion. The issues of both the state and defendant were presented fully to the jury. The charge on mutual combat given by the trial court has been approved as being a substantially accurate statement of the law. *Cribb v. State,* 71 Ga. App. 539, 542 (31 SE2d 248). A further consideration of a similar charge also has received appellate approval. *Freeman v. State,* 130 Ga. App. 718, 720 (204 SE2d 445). There was no error in the charge on mutual combat.

*Judgment affirmed. Pannell, P. J., and Evans, J., concur.*

Argued January 5, 1976 — Decided January 29, 1976.

*Walters & Davis, W. Emory Walters,* for appellant.

*H. Lamar Cole, District Attorney, Altman, Williamson, McGraw & Loftiss, Harry Jay Altman, II,* for appellee.