## 58895. PEACOCK v. THE STATE.

SMITH, Judge.

Appellant was convicted of two counts of voluntary manslaughter for the July, 1978 shotgun slaying of Darrell Brookins and Joseph Allen Lejune. He now appeals the convictions. We affirm.

1. Appellant contends in his first two enumerations of error that the jury's verdict under the facts of this case is contrary to law. Specifically, appellant maintains that the evidence presented at trial did not raise a jury question on voluntary manslaughter. We disagree.

Appellant testified that Brookins and Lejune allowed him to leave their presence after he had requested permission to go to the bathroom. Appellant further testified that he took the shotgun used in the slayings from its hiding place in the bathroom, and then returned to confront the two men.

"The evidentiary circumstances necessary to show voluntary manslaughter, as opposed to circumstances showing the homicide was justified, relate to a situation which arouses sudden passion in the person killing so that, rather than defending himself, he wilfully kills the attacker, albeit without malice aforethought, when it was not necessary for him to do so in order to protect himself." *Williams v. State,* 232 Ga. 203, 204 (206 SE2d 37) (1974).

Under the evidence presented at trial, a rational trier of fact could reasonably have found the essential elements of the crime of voluntary manslaughter beyond a reasonable doubt. *Boyd v. State,* 244 Ga. 130 (259 SE2d 71) (1979). The jury reasonably could have determined that appellant was acting under the influence of a sudden, uncontrollable passion when he returned to the decedents' room and commenced firing upon them with his shotgun.

Consequently, it cannot be said that the jury's verdict was contrary to law. See *Franklin v. State,* 136 Ga. App. 47 (220 SE2d 60) (1975).

2. In his third enumeration of error appellant asserts that the jury's verdict was strongly against the weight of the evidence. "Appellant's contention that the weight of the evidence was contrary to the verdict cannot be considered on appeal. Appellate courts consider only the sufficiency of the evidence, the weight of the evidence is solely within the province of the jury." *Coleman v. State,* 150 Ga. App. 380 (3) (258 SE2d 12) (1979). This enumeration of error is without merit. See also *King v. State,* 152 Ga. App. 270 (262 SE2d 561) (1979).

3. Enumeration of error no. 4 is without merit.

4. Appellant enumerates as error the trial court's charge to the jury on the law of voluntary manslaughter and mutual combat. In view of our disposition of appellant's first two enumerations of error in Division 1 of this opinion, we find no merit in the contention that the evidence did not authorize a jury charge on voluntary manslaughter.

Furthermore, there was sufficient evidence presented to authorize a jury instruction on mutual combat within the context of general instructions on voluntary manslaughter. "If, upon a sudden quarrel, the parties agree to a fight, *or fetch their weapons and fight,* and one of them is killed, such killing is voluntary manslaughter, no matter who strikes the first blow . . . A mutual intention to fight need not be proved directly, but may be inferred by the jury from the conduct of the parties." (Emphasis supplied.) *Strickland v. State,* 137 Ga. App. 419, 420 (224 SE2d 87) (1976).

5. Appellant further claims that the trial court committed reversible error by charging the jury on the legal concept of specific intent as follows: "A person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts, but these presumptions may be rebutted." In support of this argument, appellant cites the recent decision of the United States Supreme Court in Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979), in which the following jury charge was held to be unconstitutional in the context of a criminal prosecution: "The law presumes that a person intends the ordinary consequences of his voluntary acts."

We have reviewed the entire charge of the trial court in this case, and we hold that the charge taken as a whole is not defective under Sandstrom. Shortly after the trial court charged the jury on the rebuttable presumption that a person intends the consequences of his acts, the trial court correctly instructed the jury that "[a] specific intent to commit *the crime charged in the bill of indictment,*

and each count thereof, is an essential element *that the State must prove beyond a reasonable doubt."* (Emphasis supplied.) Moreover, appellant's intent to *kill* the decedents was not at issue in this case, because appellant interposed the defense of justifiable homicide rather than that of accident. The trial court's charge from the language of Code Ann. § 26-604 that "[a] person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts" did not shift any burden of persuasion to appellant on the issue of appellant's intent to commit the offenses with which he had been charged. The charge was therefore valid under Sandstrom. See *Skrine v. State,* 244 Ga. 520 (260 SE2d 900) (1979).

6. Appellant's motion for new trial raised no arguments that were not raised on this appeal. For the reasons stated herein, the motion for new trial was properly overruled. See *Williams v. State,* 149 Ga. App. 34, 35 (3) (253 SE2d 432) (1979).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED NOVEMBER 20, 1979 —
DECIDED MARCH 19, 1980—
REHEARING DENIED APRIL 1, 1980.

*Bobby Lee Cook, A. J. Welch, Jr., Rodney D. Meadows,* for appellant.

*E. Byron Smith, District Attorney, W. Hal Craig, Assistant District Attorney,* for appellee.