## 60643. WILLIAMS v. THE STATE.

BIRDSONG, Judge.

John Williams was convicted of rape and aggravated sodomy. He was sentenced to concurrent life terms. Williams brings this appeal enumerating two alleged errors. *Held:*

1. In his first enumeration of error, Williams argues that the trial court erred in failing to take appropriate corrective measures following allegedly prejudicial comments in closing arguments. The evidence shows that Williams testified under oath that he had no prior difficulties with the law, i.e., no prior convictions. This was uncontested by the state. During closing argument by the defense, comment was made that if Williams had any prior convictions, the state surely would have had the convictions present. At that point the state objected remarking that if Williams had a record, it could not be introduced. Defendant's counsel characterized the objection as a misstatement of law and requested the trial court to admonish the jury that the statement was incorrect. The trial court cautioned counsel (presumably the district attorney) not to be too enthusiastic and overruled the state's objection. No further corrective action was taken nor was further objection made by the defense.

We observe that the jury was never informed that Williams had prior convictions nor were any ever utilized by the state. The jury's only evidence was the defendant's sworn testimony that no such convictions existed. We do not read the same sinister implications

into the objection by the state as does the defense. The objection made by the state was a correct statement of law but subject to exceptions. In the exercise of his discretion, we concur with the trial court's action, for an explanation would have been complicated and confusing. Moreover, a sustained objection to an improper remark made by opposing counsel, assuming that there was one, without a motion for mistrial, will not constitute grounds for reversal. *Grice v. State,* 224 Ga. 376 (162 SE2d 432); *Moore v. State,* 222 Ga. 748 (6) (152 SE2d 570). We find no merit in this enumeration.

2. In enumeration of error 2, Williams urges that the trial court erred in charging the jury on the law of similar transactions, complaining that there was no evidence of a similar transaction.

We disagree. The evidence before the jury established that the appellant in effect kidnapped his victim from the street at gunpoint, forcibly took her into an empty apartment and committed the rape and sodomy of which he was convicted. A week later, he was found in an apartment in the same general area with a sleeping woman, who was under some sedation, and the woman's shorts had been forcibly removed from her body. Appellant contends that such evidence had no relevance or admissibility for the limited purpose of showing design or scheme. Appellant misconceives the purpose of the trial forum and the jury system. It is well established that an instruction is not inapplicable where there is any evidence, however slight, on which to predicate it. *Camp v. Phillips,* 42 Ga. 289. To justify a charge on a given subject, it is not necessary there should be compelling evidence giving rise to that point; it is enough if there be something from which a legitimate process of reasoning can be drawn from it by the jury. *East Side Auto Parts v. Wilson,* 146 Ga. App. 753 (2) (247 SE2d 571). The trial court did not err in giving the charge of which complaint is made.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

Submitted September 10, 1980 — Decided October 6, 1980 —

*J. Thomas Chason,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.