## 62077. SPRADLIN v. THE STATE.

Sognier, Judge.

1. Spradlin was convicted of voluntary manslaughter. His first three enumerations of error relate to the trial court's charge on mutual combat and will be discussed together. Appellant contends the charge was not warranted by the evidence; that if warranted, it was burden shifting; and the charge as given was incorrect.

The evidence disclosed that appellant, the victim, and two other friends were returning to Carrollton from an evening of drinking in Atlanta. Three of the four got into an argument which resulted in a brief fight. After getting back into the car and driving on, the victim and appellant got into an argument which appellant tried to avoid. The victim wanted to stop the car and fight appellant; appellant kept stating he didn't want to fight. Finally, the driver stopped the car; the victim got out and kept telling appellant to get out of the car; appellant did not want to get out, but finally agreed and got out of the car. In the ensuing fight, appellant was cut in the arm, and he stabbed the victim 12 times, resulting in his death later the same night. The evidence is conflicting as to when appellant drew his knife. The driver stated appellant pulled the knife as he got out of the car, and that the deceased had his hand in his pocket as though holding a knife; appellant testified that the victim (much larger than appellant) was on top of him (appellant) and was choking him to death. Therefore, appellant testified that he pulled out his knife and stabbed the victim in the back in self-defense, as he feared for his life.

a. Appellant contends that the evidence did not warrant a charge on mutual combat, as mutual combat usually arises when the parties are armed with deadly weapons and mutually agree or intend to fight to the finish with them. These contentions are a correct

statement of the law as enunciated previously by this court. *Flowers v. State,* 146 Ga. App. 692 (247 SE2d 217) (1978); *Grant v. State,* 120 Ga. App. 244 (170 SE2d 55) (1969). However, we do not believe those principles are applicable in the instant case, for no matter how reluctantly, appellant agreed to get out of the car when the victim confronted him, knowing that the victim wanted to fight. " 'A mutual intention to fight need not be proved directly, but may be inferred by the jury from the conduct of the parties . . .' " *Peacock v. State,* 154 Ga. App. 201, 202 (4) (267 SE2d 807) (1980). Thus, the evidence supported a charge of mutual combat.

b. Appellant contends that even if the charge was warranted by the evidence, the charge given by the trial court improperly shifted the burden of proof to appellant. We do not agree. Twice during the court's charge on mutual combat it informed the jury that the state must prove beyond a reasonable doubt that appellant was engaged in mutual combat at the time of the killing. In a similar case where it was alleged that a charge on justification and mutual combat shifted the burden of proof to the appellant/defendant, the Supreme Court held that the charge simply explained the relevant legal concepts, and by charging repeatedly on the state's burden of proof of guilt beyond a reasonable doubt, made clear that appellant had no burden of persuasion. *Maddox v. State,* 241 Ga. 398, 399 (1) (245 SE2d 654) (1978). Additionally, the court charged fully on reasonable doubt, and informed the jury "that the burden of proof never shifts to the defendant in a criminal case, and the state always has the *complete* burden of establishing the defendant's guilt beyond a reasonable doubt." (Emphasis supplied.) The charge as a whole must be considered in determining the correctness of an excerpt, *Hawes v. State,* 240 Ga. 327, 333 (8) (240 SE2d 833) (1977), and looking at the charge as a whole, we believe the jury was instructed fully and adequately that the burden of proof of appellant's guilt was on the state.

c. Appellant's contention that the charge on mutual combat was incorrect, because the trial court did not charge that the parties must be armed with deadly weapons and mutually agree or intend to fight with them, is not supported by the record. The court charged that "mutual combat exists where there is a fight with dangerous or deadly weapons, and when both parties . . . are mutually willing to fight because of a sudden quarrel." Thus, the enumeration is without merit.

2. Appellant next contends the trial court erred by refusing to allow a (defense) witness to state his opinion as to whether or not appellant acted in self-defense.

Whether appellant was acting in self-defense was the ultimate

issue to be decided by the jury. "As a general rule the witness is not allowed to express on the stand an opinion of ultimate fact or the very fact to be decided by the jury because to do so would invade the province of the jury. Green, Georgia Law of Evidence, p. 283, § 113; 20 ALR3d 698, § 13." *Jones v. State,* 232 Ga. 762, 764 (208 SE2d 850) (1974); *W. O. W. v. State of Ga.,* 155 Ga. App. 714, 715 (5) (272 SE2d 498) (1980). Thus, the trial court did not err by excluding the witness' testimony.

3. Finally, appellant contends the trial court erred by admitting into evidence three confessions that were given involuntarily due to appellant's intoxication. Evidence of four statements made by appellant were introduced in evidence after a Jackson v. Denno hearing (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)). The first statement was an oral statement made by appellant to a nurse and a doctor who were treating him in the hospital emergency room; the statement was overheard by a police sergeant, and its admission was not objected to by appellant. Shortly thereafter appellant made a second statement to a different police officer. As the officer walked into the hospital emergency room, appellant said: "I stabbed him. I stabbed him. I had to defend myself. I stabbed him in the chest." Appellant was not under arrest at the time and had not been questioned; therefore, his statement was spontaneous. Although appellant contends this statement was not admissible because when the police officer entered the emergency room he "was intent on investigating this," a verbal statement made by a defendant voluntarily, prior to his being taken into custody and not in response to any question, is admissible. *Tucker v. State,* 237 Ga. 777 (2) (229 SE2d 617) (1976).

After making the spontaneous declaration to the police officer, appellant was advised immediately of his "Miranda" rights (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)). Appellant stated that he understood his rights; no promises or threats were made to him; he did not appear to be intoxicated, but seemed excited; and he seemed to be aware of his surroundings. He then told the officer, in response to questions, that he stabbed the victim in self-defense after the deceased cut appellant's arm. A blood alcohol test was ordered by the police officer which disclosed a blood alcohol content of .17 mg. per cc of blood. Appellant was placed under arrest and taken to the police station, where he was again advised of his rights by a police detective. Appellant stated he understood his rights, was willing to answer questions, and waived his right to a lawyer and to remain silent. He then made a statement which was tape-recorded and later reduced to writing.

Appellant contends that he was intoxicated and, therefore, the

latter two statements were not admissible as they precluded a waiver of his Miranda rights. This same contention was decided adversely to appellant in *Hart v. State,* 137 Ga. App. 644, 645 (2) (224 SE2d 755) (1976). In that case we held: "Where the judge has determined, by a preponderance of the evidence, that a statement was made by one who voluntarily waived his Miranda rights, that determination as to admissibility of the incriminating statement will be upheld unless it is clearly erroneous. [Cit.]" In the instant case appellant acknowledged that he was advised of his rights; that he signed a waiver of his rights; that he can read and write; and that he remembered the statement was tape-recorded, and he knew it was being recorded. Under such circumstances, we find nothing to indicate that the trial court's determination of admissibility was clearly erroneous.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

Decided September 25, 1981 —
Rehearing denied October 22, 1981 —

*Gerald P. Word,* for appellant.
*Arthur E. Mallory III, District Attorney, Harger W. Hoyt, Marc E. Acree, Assistant District Attorneys,* for appellee.