63704. BROWN v. THE STATE.

McMURRAY, Presiding Judge.
Defendant was indicted and convicted of the offense of theft by taking. Defendant's motion for new trial was denied and she now appeals, raising as her sole enumeration of error the general grounds as raised in her motion for new trial. *Held:*
On a motion for new trial the general grounds involves issues as to the sufficiency of the evidence. *Ridley v. State,* 236 Ga. 147, 148 (1) (223 SE2d 131); *Peacock v. State,* 154 Ga. App. 201, 202 (2) (267 SE2d 807). The state's evidence shows that the defendant opened a checking account with the Fulton National Bank (now Bank of the South) into which she deposited, during the period February 7

through February 11, 1980, three checks drawn on an account in her husband's name with another bank and totaling $1,510. These checks were in addition to an initial cash deposit on February 1 of $25 and an unspecified deposit of $25 made concurrently with one of the checks on February 9, 1980. The defendant wrote a number of checks on the account which were cashed at the teller lines at various branches of the Fulton National Bank. The first of these checks on February 7, 1980, for $15 was followed by a check on February 8 for $25, another check on February 8 for $350, a check for $385 on February 9, and a check for $700 on February 12. The last of the checks, the one cashed on February 12, 1980, was posted to the account on February 15.

All of the checks drawn on defendant's husband's account in another bank which the defendant had deposited were returned with the notation that the husband's account had been closed, and Fulton National Bank still held these checks on the trial dates of July 7 and 8, 1981.

The state presented further evidence that certain information given to Fulton National Bank upon the opening of the checking account was false. Fulton National's security manager, who was at that time an Atlanta police officer and part-time employee of the bank, investigated defendant's account and was unable to find a house with the address defendant had given despite four trips to that supposed location. Also, this witness testified that he called the telephone number given by the defendant to the bank and was told that no one by defendant's name lived there and that they did not know her. This witness concluded from his investigation that the bank suffered an actual loss of $1,135.

Evidence was also presented by the state of similar conduct by defendant in relationship to the First National Bank of Cobb County. In the Cobb County transactions the defendant opened a checking account in the name Gwendolyn Williamson wherein defendant deposited checks on various accounts including her husband's account at the Citizens and Southern National Bank and accounts in defendant's name drawn on the First National Bank of Atlanta and Fulton National Bank. Defendant then cashed checks on this account shortly thereafter and prior to the deposited checks being charged back to the Cobb County account. Evidence was also presented of a similar series of transactions involving the First National Bank of Atlanta.

Defendant stipulated that the handwriting on the checks drawn on her husband's account was not the handwriting of her husband, but was her handwriting, signing her husband's name. Also, the defendant further stipulated that she had written checks drawn on her account with Fulton National Bank.

Upon being arrested the defendant freely and voluntarily made a statement to law enforcement officers admitting various portions of her transactions in relation to the First National Bank of Cobb County, First National Bank of Atlanta and the Fulton National Bank of Atlanta. Defendant stated that she needed the money to pay bills, that she had to have the money as her husband had left her without any money and her lights, water and gas were cut off and her car and furniture repossessed. Defendant stated that she was to receive money from her husband, that her husband had said he was going to send some money and she expected that by the time the banks contacted her she would have the money to place in the accounts to cover the checks.

The defendant testified as to financial difficulties that she and her husband had encountered referring to a lawsuit which had induced her husband to leave town, that she had signed the checks on her husband's account under authority of a power of attorney, described the location of her husband, explained that her telephone number had probably been assigned to someone else after it was disconnected. She testified that her husband had, upon hearing of the difficulties with his account at the Citizens and Southern National Bank, attempted to send them a cashier's check which they returned because they had closed the account, and that the Citizens and Southern National Bank had refused to take that money.

The resolution of the conflict of the evidence is for the trier of fact. After a careful review of the entire record and transcript we find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof that the defendant unlawfully appropriated the property of the Fulton National Bank with the intention of depriving this institution of said property and that such proof of guilt of the defendant was shown beyond a reasonable doubt. See Code Ann. § 26-1802 (Ga. L. 1978, pp. 2257, 2258). Also see *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Snell v. State,* 246 Ga. 648 (272 SE2d 348); *Caffo v. State,* 247 Ga. 751, 754 (279 SE2d 678).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED APRIL 8, 1982.

*Charles R. Floyd, Jr.,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Paul Howard, Assistant District Attorneys,* for appellee.