## 68510. SIMMONS v. THE STATE.
(324 SE2d 546)

BENHAM, Judge.

Appellant was charged with aggravated assault after shooting the victim with a handgun as he and the victim were driving their respective motor vehicles westbound on I-20 in DeKalb County. Appellant contended that he had shot in self-defense because the victim was chasing him. The judgment entered on a jury conviction of the assault charge led to this appeal, in which appellant raises six enumerations

of error. We affirm.

1. Appellant claims that the trial court should not have instructed the jury on mutual combat since there was no evidence to support the charge. We disagree. "Mutual combat : . . . generally involves deadly weapons and the mutual intention of using them. [Cit.]" *Donaldson v. State*, 249 Ga. 186 (3) (289 SE2d 242) (1982). A mutual combat situation arises when "both parties are at fault and are willing to fight because of a sudden quarrel." *McClendon v. State*, 231 Ga. 47 (3) (199 SE2d 904) (1973). The mutual intention to fight need not be proved directly, but may be inferred by the jury from the conduct of the parties. *Spradlin v. State*, 160 Ga. App. 132 (1) (a) (286 SE2d 310) (1981); *Peacock v. State*, 154 Ga. App. 201 (4) (267 SE2d 807) (1980). The jury may also determine whether a motor vehicle is a deadly weapon, depending on the manner and means of its use. *Craft v. State*, 158 Ga. App. 745 (3) (282 SE2d 203) (1981).

The evidence showed that appellant cut in front of the victim as they approached an entrance ramp to I-20. Appellant then stopped short on the ramp, causing the victim to brake abruptly. Once on the highway, the victim pulled up next to appellant and they began cursing, gesturing, and swerving their vehicles at each other while driving at speeds of at least 55 miles per hour. The episode ended when appellant fired a shot at the victim and sped away. The evidence presented justified the mutual combat charge. "It is well established that an instruction is not inapplicable where there is any evidence, however slight, on which to predicate it. [Cit.]" *Williams v. State*, 156 Ga. App. 17 (2) (274 SE2d 71) (1980). The evidence necessary to justify a jury charge need only be enough to enable one to carry on a legitimate process of reasoning. Id.; *King v. State*, 77 Ga. App. 539 (2) (49 SE2d 196) (1948). While it is true that mutual combat and self-defense are mutually exclusive by definition, where there is evidence of both the jury, as trier of fact, must select between the two propositions. See Ga. Const. 1983, Art. I, Sec. I, Par. XI (a); and *Ward v. State*, 151 Ga. App. 36 (5) (258 SE2d 699) (1979).

2. Contrary to appellant's assertion, the trial court did comply with OCGA § 5-5-24 (b) by informing counsel before closing argument of its proposed action on the requests to charge, by charging the jury after the arguments, and by filing with the clerk all of the submitted requests to charge. Although we believe an oral discussion of the proposed charges is the better practice, we were presented with and have found no authority in support of appellant's contention that the trial court must converse with counsel about individual jury instructions. Our review of the record shows that defense counsel was afforded an opportunity to review the trial court's written charges and to submit his written exceptions thereto before closing argument. Counsel was also permitted to except to the charge after it was given. In light of

the foregoing and the result reached in Division 1 of this opinion, no error resulted from the trial court's failure to review the charges orally with appellant's counsel.

3. Appellant also claims that the trial court failed to file with the clerk of court its written charge as read to the jury, and that the failure constituted reversible error. This assertion has no validity. OCGA § 17-8-54 requires that the written jury charge, once read, be given to the clerk for filing only if the charge is not taken down and transcribed in full by an official court reporter at the court's direction. The record shows that an official court reporter took down the full charge, transcribed it, and included it as part of the trial transcript for the record on appeal, thereby obviating the need for filing the charge with the clerk.

4. The denial of appellant's motion in limine and admission of evidence that the gun used in the assault had been stolen was not error. While it is true that when one is on trial for the commission of a crime, proof of a distinct, independent and separate offense is not admissible unless the proof of one tends to establish the other, the rule has its exceptions. "[W]hen the extraneous crime . . . may bear upon the question of the identity of the accused, or articles connected with the offense" for which a defendant is being tried, evidence of the extraneous crime is admissible. *State v. Luke*, 232 Ga. 815, 816 (209 SE2d 165) (1974). In addition, "[t]he flight of the accused, the time when and the place where arrested, the manner of the arrest, how he was armed, and whether he resisted, and all the circumstances connected with the arrest, we consider proper evidence to be submitted to the jury to be weighed by them for what they are worth. [Cit.]" Id. p. 816. See also *McClung v. State*, 206 Ga. 421 (1) (57 SE2d 559) (1950). The record shows that appellant was questioned about the gun in connection with his arrest, and that the stolen gun was the one used in the altercation with the victim. At no time was appellant accused of having stolen the gun, and a police investigator testified as a witness for the State to that effect. No error was committed in admitting the evidence in question.

5. On two occasions appellant was prohibited from testifying about his background and experiences as they related to his affray with the victim. During direct examination he was asked to describe what Brownsville and Brooklyn, New York, were like, to which the court sustained an objection. No offer of proof was made. Appellant was later asked if he had had occasion to feel that his life was in danger while he was growing up. A relevancy objection was sustained. Appellant's counsel attempted to interject the case of *Daniels v. State*, 248 Ga. 591 (285 SE2d 516) (1981), in support of his question, but did not inform the court what appellant's testimony would be. Under those circumstances, we find no basis for reversal. " 'Where an

objection is sustained to testimony sought to be elicited from a party's witness on direct examination, and the trial court is not informed as to the testimony expected, the ruling of the trial court will not be reversed.' [Cit.]" *Lee v. State*, 237 Ga. 179 (3) (227 SE2d 62) (1976).

6. Appellant's final contention is that the trial court committed reversible error by prohibiting defense counsel from reading law to the jury during his closing argument. When counsel announced he was going to read from a Georgia Supreme Court case on reasonable doubt, the trial court interjected, stating that counsel could not read law to the jury. While "counsel may read and comment to the jury on the law during argument in a criminal case, such right is not absolute, but is circumscribed by limitations. It is well recognized that the court has the power . . . to restrain counsel from reading to the jury in such a way as to confuse them, or to proscribe the reading of law not applicable to the case or to points in issue. [Cits.] In short, the trial court exercises discretion in such matters and this court will not interfere in the absence of an abuse of that discretion." *Griffin v. State*, 154 Ga. App. 261, 266 (267 SE2d 867) (1980). No abuse has been shown.

Assuming, without deciding, that the trial court did err, it would be harmless error due to the overwhelming evidence against appellant. "To reverse a jury finding of guilty in the face of such overwhelming evidence would be a perversion of justice." *Hamilton v. State*, 239 Ga. 72, 76 (235 SE2d 515) (1977). Applying the standard for harmless error set out in *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976), it is fair to say that it was highly probable that the error, if any, did not contribute to the judgment in the case. Harmless error will not authorize a reversal by this court. *Morris v. State*, 166 Ga. App. 137 (3) (303 SE2d 492) (1983).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 21, 1984.

*Torin D. Togut, Jerry D. McCumber*, for appellant.
*Robert E. Wilson, District Attorney, Robert Coker, Michael M. Sheffield, Assistant District Attorneys*, for appellee.

