### 71765. WHITE v. THE STATE.
(346 SE2d 91)

BEASLEY, Judge.

Defendant was indicted for murder (OCGA § 16-5-1) but was convicted by a jury of voluntary manslaughter (OCGA § 16-5-2 (a)). His amended motion for new trial was denied.

Although defendant was originally represented on appeal by counsel, upon the insistence of defendant, counsel was permitted to withdraw from representation and to withdraw the appellate brief he had filed. Proceeding pro se, defendant then filed, with this court's permission, additional enumerations of error and brief. We now address only those enumerations asserted by former counsel and/or defendant which are supported by citation of authority or argued in defendant's pro se brief; those enumerations filed by former counsel which were not subsequently supported by defendant are abandoned. Court of Appeals Rule 15 (c) (2).

1. Defendant first enumerates error on the general grounds, contending he acted solely in self-defense.

The record reflects that the victim, armed with a .38 caliber gun beside his leg, walked into the bar where defendant was seated, came within a couple of feet of defendant, and said, "Hold it, don't move." Defendant jumped off the bar stool and pulled out a .32 caliber gun from his pocket, and both parties began firing. A state witness who observed the shooting testified that he could not tell who fired first but that the victim fell face-down and defendant, who had also been shot, walked over to the victim, called him various names, and picked up the victim's gun and fired two to three shots into the victim's back. A pathologist testified that the victim had been shot four times, once to the head and three times to the back. He stated that death resulted from two of the back wounds. Defendant testified that· the victim approached him with a gun "leveled" at him. He stated that he remembered thinking the victim was going to kill him and then recalled being shot in the chest. He testified that he remembered nothing after this.

"A person commits the offense of voluntary manslaughter when he causes the death of another human being under circumstances

which would otherwise be murder and if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. . . ." OCGA § 16-5-2 (a).

OCGA § 16-3-21 provides that a person is justified, and thus has a defense to prosecution under OCGA § 16-3-20, "in using force [against another] which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself . . . (b) A person is not justified in using force . . . if he: . . . (3) Was the aggressor or was engaged in a combat by agreement. . . ."

" 'The evidentiary circumstances necessary to show voluntary manslaughter, as opposed to circumstances showing the homicide was justified, relate to a situation which arouses sudden passion in the person killing so that, rather than defending himself, he wilfully kills the attacker, albeit without malice aforethought, when it was not necessary for him to do so in order to protect himself.' [Cit.]" *Peacock v. State*, 154 Ga. App. 201, 202 (1) (267 SE2d 807) (1980). "If, upon a sudden quarrel, the parties agree to a fight, . . . and one of them is killed, such killing is voluntary manslaughter, no matter who strikes the first blow. [Cit.] A mutual intention to fight need not be proved directly, but may be inferred by the jury from the conduct of the parties. [Cit.] 'Being suddenly aroused by anger, and mutually intending to fight, the law of mutual combat is involved. Such combat sufficiently appears where it is shown that there was a mutual intent by the accused and deceased to fight, and one or more shots were fired. It makes no difference who fires the first shot, nor is it necessary that both parties shoot.' [Cits.]" *Strickland v. State*, 137 Ga. App. 419, 421-422 (1) (224 SE2d 87) (1976).

Viewing the evidence in a light most favorable to the verdict, we conclude that a rational trier of fact could find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The evidence was sufficient for the jury to find that defendant's actions were "the result of a sudden, violent and irresistible passion resulting from serious provocation" and that his use of force was not justified because he was engaged in mutual combat.

2. Defendant next asserts that the trial court erred in overruling his motion for directed verdict of acquittal on the murder charge. However, even if the ruling was erroneous, it was harmless: "If the motion had been granted, a prosecution for voluntary manslaughter would nonetheless have been permissible, and appellant was convicted only of the lesser offense of voluntary manslaughter." *Lord v. State*, 173 Ga. App. 419, 421 (4) (326 SE2d 794) (1985).

3. Defendant contends he received ineffective assistance of coun-

sel at trial. This claim was not raised in the trial court, and we therefore decline to address its merits at this time. *Elliott v. State*, 253 Ga. 417, 420 (2b) (320 SE2d 361) (1984).

4. Defendant last enumerates that the court's instruction on malice was impermissibly burden-shifting.

We need not determine whether the challenged instruction was erroneous, "[f]or, 'Where one is charged with murder, in which malice must exist either express or implied . . . but is convicted of a lower grade of that offense, to wit voluntary manslaughter, in which malice is not an element, . . . an erroneous charge on the question of malice is prima facie harmless to the accused and a new trial will not be granted therefore unless it is plainly shown that the erroneous charge wrongfully led to or influenced the verdict rendered.' [Cits.]" *Bennett v. State*, 122 Ga. App. 604, 606 (178 SE2d 300) (1970). Such a showing was not made here.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JUNE 3, 1986.

William White, *pro se.*

*Sam B. Sibley, Jr., District Attorney, George Guest, Assistant District Attorney,* for appellee.