73120. HARDEMAN v. THE STATE.
(349 SE2d 839)

BIRDSONG, Presiding Judge.

Appellant Lee Marvin Hardeman was indicted for malice murder and felony murder. The jury found him guilty of voluntary manslaughter, and he appeals. *Held*:

1. Hardeman contends that the evidence presented at trial was contrary to the verdict as it showed that he was acting in self-defense. The State's witness, Chuck Reed, testified that in the early hours of October 5, 1985, he and the victim, Greg King, were at Xavier's Lounge in Newton County when appellant came in and started an argument. After some name-calling and pushing between appellant and King, King and Reed left the lounge, but were followed by appellant who continued arguing and shoving King. Reed heard appellant ask King: "Why you push me like that?," then saw him reach in his pocket for a knife and stab King in the chest. The wound pierced King's left lung and heart, subsequently causing his death. Appellant went to another club in Conyers, Georgia, where he told witnesses that he and King had "got into it" and he had cut King, showing them the bloody knife. One of these persons, King's cousin, reported the incident to the police. Appellant was arrested and questioned after being advised of his rights. Appellant waived his rights and gave four different statements, finally admitting that he had stabbed King with a knife, which he had hidden in the back seat of the patrol car that brought him to the police station. The knife was recovered there.

Appellant testified that he lied initially because he had not intended to cut King and was scared, claiming that King had rushed at him and "walked into" the knife. King was over six feet tall, of muscular build and weighed 200 pounds while appellant is five feet seven and weighs 115 pounds. Appellant argues that given King's physical advantage, his bullying and shoving indicated he was clearly the aggressor and appellant acted only to defend himself and to get away

from the conflict. We do not agree.

" 'A person commits the offense of voluntary manslaughter when he causes the death of another human being . . . as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. . . .' OCGA § 16-5-2 (a). . . . 'When a homicide is neither justifiable nor malicious, it is manslaughter, and if intentional, it is voluntary manslaughter.' [Cits.] . . . 'While words and threats alone are generally not sufficient provocation, the issue of whether a reasonable person acts as the result of an irresistible passion may be raised by words which are connected to provocative conduct by the victim.' [Cits.]" *Tew v. State*, 179 Ga. App. 369, 371-372 (1) (346 SE2d 833). "The evidentiary circumstances necessary to show voluntary manslaughter, as opposed to circumstances showing the homicide was justified, relate to a situation which arouses sudden passion in the person killing so that, rather than defending himself, he wilfully kills the attacker, albeit without malice aforethought, when it was not necessary for him to do so in order to protect himself. [Cit.]" *Peacock v. State*, 154 Ga. App. 201 (1) (267 SE2d 807); *White v. State*, 179 Ga. App. 276, 277 (1) (346 SE2d 91).

"In the instant case, any reaction indicating fear on the part of appellant because of the victim's menacing words, physical aggression by pushing, and gestures . . . do not require the finding that [appellant] acted out of self-defense. The fear of some danger can be sufficient provocation to excite the passion necessary for voluntary manslaughter. [Cit.] While words and threats alone are generally not sufficient provocation, the issue of whether a reasonable person acts as the result of an irresistible passion may be raised by words which are connected to provocative conduct by the victim. [Cit.]" *Syms v. State*, 175 Ga. App. 179, 180 (1) (332 SE2d 689). "The evidence here was in dispute as to whether [appellant stabbed King] with malice aforethought (since he was charged with murder), out of passion, or out of justification in self-defense. The resolution of this question depended heavily on the credibility of the witnesses, including [appellant]. Decisions regarding credibility are exclusively for the jury. [Cits.] A rational trier of fact was authorized to find the elements of voluntary manslaughter beyond a reasonable doubt. *Syms*, supra; *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560)." *Trenor v. State*, 178 Ga. App. 351, 353 (1) (343 SE2d 408).

2. Appellant complains that the trial court erred in admitting the testimony of a witness who was at the club in Conyers concerning statements he made about the argument and stabbing, contending that this evidence did not fall into any recognized exception to the hearsay rule. On the contrary, voluntary, noncustodial incriminating statements of defendants are admissible through the testimony of

anyone who heard them. *Duren v. State*, 177 Ga. App. 421 (1) (339 SE2d 394); see also *Pendergrass v. State*, 245 Ga. 626 (1) (266 SE2d 225). It follows that the trial court properly denied appellant's motion for new trial based upon this ground.

3. Appellant's contention that this testimony was rendered irrelevant because the witness to whom he made these remarks could not identify him at trial is without any merit. Appellant himself testified that he made these statements in the presence of this witness to King's cousin, who reported the information to the police. We find no grounds for reversal.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 21, 1986.

*James B. Alexander*, for appellant.
*John M. Ott, District Attorney, J. Ellis Millsaps, Assistant District Attorney*, for appellee.