### 43585. LEE v. THE STATE.
(349 SE2d 711)

HUNT, Justice.

J. C. Lee appeals from his conviction of and life sentence for the murder of Johnny Jarrard in Ware County.[1] He raises four enumerations of error: two involve evidence of the character of the defendant and the victim, while another challenges admission of certain autopsy photographs, and the last asserts error in the trial court's charge that words alone are not sufficient to excite the passion necessary for voluntary manslaughter.

Cheryl Oliver and the defendant J. C. Lee had been living together for about a year, when Oliver went out alone one Friday night in March 1985. When she returned that Sunday morning, she and the defendant had another argument typical of their stormy relationship. He claims she threatened him with a knife, leading him to beat her with a shovel. She left later that day, went to the hospital, had him charged with battery, and moved in with her brother's girl friend, Edna Mae Carter.

On Monday, the defendant picked up a gun which belonged to his employer from his employer's truck. He said he did so in order to put it in a safe place, the pocket of his coat.

On Tuesday, he took the gun with him intending to return it to the owner. When riding by Ms. Carter's house, he saw Cheryl Oliver, her brother Herbert "Tony" Golden, the victim Johnny Jarrard and Ms. Carter sitting on the porch drinking. He joined them there in the hopes of having a chance to talk to Cheryl about returning home. While he and the victim did not speak directly, some comment was made by the defendant that the victim's girl friend had threatened

---

[1] The defendant was indicted on May 3, 1985, for the killing which occurred on March 12, 1985. He was tried on August 7 and sentenced on August 8. He filed a motion for new trial on September 4, 1985, and it was denied on May 2, 1986. He filed his notice of appeal on May 27 and the case was docketed here on June 6. It was submitted for our decision on July 18, 1986.

Cheryl for "messing around" with the victim.

Several hours later, Cheryl went into the house; when the victim followed for another reason a few minutes later, the defendant jumped up, cursed, and said "I'm tired of this." Opening the door, he pulled out the gun and shot at the victim three or four times. One, at close range, hit the victim in the eye; two others entered the victim's back as he started up the stairs.

Tony Golden grabbed the defendant, wrestled him back onto the porch and took the gun away from him. As the defendant ran away, Golden shot at him twice. The defendant fell, but recovered.

Meanwhile, the victim had continued up the stairs from the front entry and had gone into a bedroom, where he pushed out a screen and went out on a roof, jumped to the ground, and ran between two buildings, where he fell and died from massive bleeding.

Police recovered the gun from a trash can where it was thrown by Golden.

The defendant claimed that the victim had cursed him and had a reputation for violence, that when he opened the door the victim again threatened him and pointed a gun at him, and that he shot him in self-defense.

1. In his first enumeration, the defendant urges error in allowing witness Golden to testify that in his opinion the defendant had a jealous nature because that evidence put the defendant's character in issue in violation of OCGA § 24-9-20. Golden's statement that the defendant "just was a jealous-type person over my sister" was admissible and relevant to show motive and was properly supported by the underlying facts from which he drew his conclusion. See *Hales v. State*, 250 Ga. 112, 113 (296 SE2d 577) (1982). That his character may have been incidentally put in issue provides no grounds for reversal. *Ross v. State*, 255 Ga. 1, 3 (334 SE2d 300) (1985).

2. There was no error in admitting the autopsy photographs taken prior to the autopsy itself under *Brown v. State*, 253 Ga. 363, 364 (320 SE2d 539) (1984); *Parks v. State*, 254 Ga. 403 (5) (330 SE2d 686) (1985).

3. In his next enumeration, the defendant complains that the trial court refused to allow him to present evidence of specific acts of violence by the victim, but only permitted him to show the victim's general reputation in the community. OCGA § 24-2-2. He argues that this evidence is too vague to impress the jury with the defendant's assertion that he feared the deceased was armed and likely to shoot him.

In *Milton v. State*, 245 Ga. 20, 26 (262 SE2d 789) (1980), this court recognized that in some instances it would be unfair to the defendant not to allow him to show the jury that because of prior acts of violence *between the defendant and the victim*, he reasonably acted

in self-defense. In the same case, however, it was pointed out that this rule does not apply to acts of the deceased against third persons. *Music v. State*, 244 Ga. 832 (1) (262 SE2d 128) (1979). We decline to extend the rationale of *Milton* to the *Music* situation applicable to the defendant here. *Bennett v. State*, 254 Ga. 162 (3a) (326 SE2d 438) (1985).

4. The trial court committed no error in charging the jury that "Provocation by words alone will in no case justify such excitement of passion sufficient to free the slayer from the crime of murder or to reduce the offense to manslaughter when the killing is done solely in resentment of such provoking words." *Brooks v. State*, 249 Ga. 583, 585-6 (292 SE2d 694) (1982).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 12, 1986.

*Susan C. Janowski*, for appellant.

*Harry D. Dixon, Jr., District Attorney, Richard E. Currie, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.

