### 74461. VUONG v. THE STATE.
(357 SE2d 818)

BANKE, Presiding Judge.

To Ha Vuong was indicted and tried for murder but was convicted of voluntary manslaughter. The evidence showed that while working as a waiter at the Bamboo Luau Restaurant Vuong had an altercation with the victim over the quality of the service he (Vuong) had earlier rendered to him. Following this altercation, Vuong left the booth at which the victim was seated; however, he returned a few minutes later wielding a knife and fatally stabbed him. The victim was unarmed at the time. *Held*:

1. Vuong first enumerates as error the trial court's refusal to allow testimony concerning prior violent acts committed by the victim against third persons. This evidence was offered for the purpose of explaining Vuong's conduct and demonstrating that he was in reasonable fear for his own safety. While the trial court allowed evidence of the victim's violent reputation in the community pursuant to OCGA § 24-2-2, it did not allow evidence of specific acts of violence committed by the victim against third persons because Vuong was unable to show that he had personal knowledge of any such acts. We find no error. Although "in some instances it would be unfair to the defendant not to allow him to show the jury that because of prior acts of violence *between the defendant and the victim*, he reasonably acted

in self-defense . . . , this rule does not apply to acts of the deceased against third persons. (Cits.)" *Lee v. State*, 256 Ga. 410, 411-412 (349 SE2d 711) (1986).

2. In his next enumeration of error, Vuong contends the trial court erred in refusing to correct two statements made by the district attorney in his closing argument which misrepresented the evidence. These statements were to the effect that Vuong had never seen the victim with a gun and that the struggle between the victim and Vuong had taken place entirely outside the booth in the restaurant. We conclude that such misstatements were "unlikely to have a strong impact on the jury's independent evaluation of the evidence," *Ford v. State*, 255 Ga. 81, 91 (335 SE2d 567) (1985), coming as they did at a point where the jury had heard the evidence and was in a position to recognize a misstatement when made. See *Hampton v. State*, 250 Ga. 805 (4), 807 (301 SE2d 274) (1983). Thus, we hold that the trial court's failure to take remedial efforts to correct these misstatements or to grant Vuong's motion for mistrial in response to them did not constitute reversible error under the circumstances.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED MAY 5, 1987 —
REHEARING DENIED MAY 22, 1987 —

*Steven A. Westby*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Chris Jensen, Benjamin H. Oehlert III, Assistant District Attorneys*, for appellee.