### 74134. HARRIS v. THE STATE.
(358 SE2d 634)

POPE, Judge.

Defendant Joseph Harris was indicted for the murder of Eugene Austell Wright a/k/a Eugene Washington and was convicted by a jury of voluntary manslaughter.

1. Defendant argues that the trial court erred in failing to grant his motions for directed verdict and contends that the evidence adduced at trial showed an "absolute case of self-defense." The record shows that while defendant was in the hospital recovering from a gunshot wound to the stomach he received during the altercation with the victim, he stated to one of the investigating officers that on the night the incident occurred he had accepted an invitation to come to apartment 3B at the Dutch Colony Apartments to gamble. Defendant further stated that while he was sitting at a card table with several men he did not know, there was a knock at the door and the victim and another man were admitted. According to this version of events, the victim began to argue about the cards and started shooting. Defendant was vague as to his participation in the shooting.

Defendant later gave a written statement to police, which was introduced into evidence without objection, in which he stated that on the day of the incident he was sitting in apartment 3-B, which defendant stated was his girl friend's apartment, with his brother and that the two of them were going to gamble. His brother left to get something to eat and a person named "Trick" and another man he did not know knocked on the door of the apartment. He admitted Trick, but told the victim he could not come in. The victim allegedly raised a pistol and shot at the defendant who then removed his own gun from the right rear side of his pants and returned fire. The record shows the victim subsequently died, without regaining consciousness, from the 8 gunshot wounds he received during this altercation. The record also shows that the only playing cards found in the apartment were the king of hearts and a partial king of diamonds.

" 'A person commits the offense of voluntary manslaughter when he causes the death of another human being under circumstances which would otherwise be murder and if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. . . .' OCGA § 16-5-2 (a).

"OCGA § 16-3-21 provides that a person is justified, and thus has a defense to prosecution under OCGA § 16-3-20, 'in using force

(against another) which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself . . . (b) A person is not justified in using force . . . if he: . . . (3) Was the aggressor or was engaged in a combat by agreement. . . .'

" ' "The evidentiary circumstances necessary to show voluntary manslaughter, as opposed to circumstances showing the homicide was justified, relate to a situation which arouses sudden passion in the person killing so that, rather than defending himself, he willfully kills the attacker, albeit without malice aforethought, when it was not necessary for him to do so in order to protect himself." (Cit.)' *Peacock v. State*, 154 Ga. App. 201, 202 (1) (267 SE2d 807) (1980). 'If, upon a sudden quarrel, the parties agree to a fight, . . . and one of them is killed, such killing is voluntary manslaughter, no matter who strikes the first blow. (Cit.) A mutual intention to fight need not be proved directly, but may be inferred by the jury from the conduct of the parties. (Cit.) "Being suddenly aroused by anger, and mutually intending to fight, the law of mutual combat is involved. Such combat sufficiently appears where it is shown that there was a mutual intent by the accused and deceased to fight, and one or more shots were fired. It makes no difference who fires the first shot, nor is it necessary that both parties shoot." (Cits.)' *Strickland v. State*, 137 Ga. App. 419, 421-22 (1) (224 SE2d 87) (1976)." *White v. State*, 179 Ga. App. 276 (1) (346 SE2d 91) (1986).

" 'The evidence here was in dispute as to whether [defendant shot the victim] with malice aforethought (since he was charged with murder), out of passion, or out of justification in self-defense. The resolution of this question depended heavily on the credibility of the witnesses, including [defendant]. Decisions regarding credibility are exclusively for the jury. (Cits.) A rational trier of fact was authorized to find the elements of voluntary manslaughter beyond a reasonable doubt. [Cits.]' " *Hardeman v. State*, 180 Ga. App. 632, 633 (349 SE2d 839) (1986). See also *Mims v. State*, 180 Ga. App. 3 (1) (348 SE2d 498) (1986); *Tew v. State*, 179 Ga. App. 369 (1) (346 SE2d 833) (1986).

" 'For the same reason, it was not error for the trial court to deny the motions for directed verdict. . . . Only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law is it error for a trial court to refuse to direct a verdict of acquittal.' [Cit.] Therefore, [defendant's] first enumeration of error is without merit." *Daniels v. State*, 158 Ga. App. 476, 477 (282 SE2d 118) (1981).[1]

---

[1] Because defendant originally made his motions for directed verdict to the murder

2. Defendant also contends that the trial court erred in denying his motion in limine concerning the introduction of evidence concerning trace amounts of cocaine and drug paraphernalia found in the apartment. The State argued for the admissibility of the evidence on the theory that the shooting was drug-related. The record shows that a search of the apartment yielded measuring spoons, a sifter, scales, rubber bands, plastic bags, a sealing device known as seal-a-meal, a brown handbag, a floor-type safe and a smaller safe (in which the cocaine was found), a box of ammunition and $3,000 in cash.

" '[E]vidence is relevant which logically tends to prove or disprove any material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant. (Cit.) Even where the evidence is of questionable relevancy or competency, it is the rule in this state that it should be admitted, leaving its weight for the determination of the jury. (Cits.)' [Cit.]" *Turner v. State*, 178 Ga. App. 888, 889 (345 SE2d 99) (1986). We believe that in the present case "the jury was authorized to consider the [evidence of drugs and drug paraphernalia] as evidence which tended to show [defendant's] intent, motive, plan, scheme and bent of mind." *Walker v. State*, 156 Ga. App. 842, 844 (275 SE2d 755) (1980). See also *Parker v. State*, 169 Ga. App. 966 (2) (315 SE2d 683) (1984); *Layne v. State*, 147 Ga. App. 511 (249 SE2d 324) (1978). Thus, the trial court did not err in denying defendant's motion in limine.

In a related argument, defendant also contends the trial court erred in denying his motion for mistrial based on statements made by the prosecutor during his closing remarks to the jury, and argues the State's argument that the shooting in the case sub judice was drug-related impermissibly interjected evidence of extraneous and prejudicial matters. Although our review of the record reveals that defendant did interpose several objections during the course of the State's closing remarks, at no time was a motion for mistrial made. "Whether overruled or sustained, a mere objection to alleged improper argument by the State in a criminal case raises on appeal *only* the issue of whether the trial court erred in failing to sustain the objection so as to require the State's counsel to desist from the argument, not whether the trial court erred in failing to take any other additional curative actions." *Hall v. State*, 180 Ga. App. 881, 883 (350 SE2d 801) (1986). Our examination of the instances complained of on appeal in

charge, we note that "even if the ruling [denying defendant's motion for directed verdict of acquittal as to the murder charge] was erroneous, it was harmless: 'If the motion had been granted, a prosecution for voluntary manslaughter would nonetheless have been permissible, and [defendant] was convicted only of the lesser offense of voluntary manslaughter.' [Cit.]" *White*, supra at 277.

the present case convinces us that the trial court did not err in over-ruling defendant's objections to the State's allegations that the shooting was drug-related. "Attorneys will be allowed all reasonable lati-tude in the argument of cases to a jury provided they do not go outside the facts legitimately appearing from the trial and 'lug' in extraneous matters as if they were part of the case. [Cit.] Counsel may draw remote deductions and inferences from the evidence and there is no basis for objection even if the deductions and inferences are illogi-cal or unreasonable. [Cit.]" *Callahan v. State*, 179 Ga. App. 556, 563 (347 SE2d 269) (1986). See also *Truitt v. State*, 174 Ga. App. 687 (3) (331 SE2d 64) (1985); *Griffin v. State*, 170 Ga. App. 287 (7) (316 SE2d 797) (1984).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JUNE 4, 1987.

*Murray M. Silver*, for appellant.

*Lewis R. Slaton*, District Attorney, *Russell Parker, H. Allen Moye*, Assistant District Attorneys, for appellee.