75476. BLASENGAME v. THE STATE.
(365 SE2d 487)

McMURRAY, Presiding Judge.

Appellant was indicted and tried for voluntary manslaughter. The jury returned a guilty verdict and he appeals.

Appellant was socializing with his brother-in-law in the early morning hours of October 11, 1986, when a seventeen-year-old girl he had recently dated also dropped into his motel room to visit. The seventeen-year-old male victim, whom the girl had been with earlier in the evening, was invited to join them although appellant had exhibited some signs of jealousy. All of them had partaken of various drugs

and/or alcohol during the course of the evening, and at about 6:00 a.m. appellant drew a pistol and shot the victim, who was armed with a "knuckle-knife." Appellant did not deny shooting the victim but claimed it was done in self-defense. *Held*:

1. Appellant attempted to present testimony that the victim had made threats against a third person and to show his general lifestyle to prove how likely it was he did the things the witness would say he did. The court ruled this evidence inadmissible unless some groundwork was laid. Appellant complains that the trial court thereby improperly disallowed proof of the victim's general character for violence and his own reasonable apprehension of danger, and that the judge also erred in interposing objections, absent specific objections, to exclude defense evidence.

While evidence of prior acts of violence between the defendant *and the victim* may be allowed in some instances to show that the defendant acted in self-defense, "this rule does not apply to acts of the deceased against third persons. [Cit.]" *Lee v. State*, 256 Ga. 410, 412 (3) (349 SE2d 711) (1986). See *Vuong v. State*, 183 Ga. App. 37 (1) (357 SE2d 818) (1987). See generally *McDonald v. State*, 182 Ga. App. 509 (1) (356 SE2d 264) (1987). The trial transcript discloses that defense counsel did elicit testimony from this witness that the victim "wanted to kill" appellant. Furthermore, the trial court's only participation was in colloquy in which the judge merely sought to ascertain to whom the threats had been made before the testimony was in fact allowed. This enumeration is without merit.

2. Next, appellant contends that the trial court erred in permitting the State to argue to the jury over objection that an intentional pre-planned killing was committed, as this was a greater offense than that for which he was indicted and could not be the basis for a conviction. We are unable to assess the full import of the remark as the arguments of counsel were not transcribed. However, upon objection the court instructed the assistant district attorney to stay within the bounds of the evidence, but allowed him to argue any reasonable deduction. We can only conclude that "[i]t was not error to overrule the objection to this comment as being improper and impermissible. 'In the absence of anything to the contrary, the [assistant district attorney's] remarks will be regarded as a deduction from the evidence.' [Cit.]" *Hall v. State*, 180 Ga. App. 881, 884 (3) (350 SE2d 801) (1986). "Counsel may draw remote deductions and inferences from the evidence and there is no basis for objection even if the deductions and inferences are illogical or unreasonable. [Cit.]" *Callahan v. State*, 179 Ga. App. 556, 563 (5) (347 SE2d 269) (1986).

Appellant insists that the trial court's failure to correct the argument objected to resulted in harm to him, but the evidence presented was such that a jury could infer that appellant intentionally shot the

victim out of jealousy. Moreover, "in *Hall*, we also said that if the trial court is not requested to take further curative action, this failure to act cannot be addressed on appeal as error, although the original improper statement may be examined for reversible error." *Miles v. State*, 183 Ga. App. 346, 348 (2) (358 SE2d 904) (1987). Thus, this enumeration cannot be sustained.

3. The evidence was sufficient to authorize a rational trier of fact to find the appellant guilty of the offense of voluntary manslaughter beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). Accord *Harris v. State*, 183 Ga. App. 219 (1) (358 SE2d 634) (1987); *Hardeman v. State*, 180 Ga. App. 632 (1) (349 SE2d 839) (1986). We find no grounds for reversal.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED JANUARY 25, 1988.

*Frank G. Smith*, for appellant.
*Darrell E. Wilson, District Attorney*, for appellee.