## 64424. ANDERSON v. THE STATE.

McMURRAY, Presiding Judge.

Defendant appeals his conviction for the offense of voluntary manslaughter in causing the death of another human being by stabbing him with a certain knife, a deadly weapon, while acting solely as the result of a sudden, violent and irresistible passion resulting from serious provocation sufficient to excite said passion in a reasonable person. *Held:*

1. Defendant's main defense was that the homicide was justifiable. Defendant, his wife, and decedent had been drinking considerable intoxicants while in the defendant's home. Defendant contends that he fell asleep and was awakened when he became aware that the decedent was making improper advances to his wife. A fight ensued, and he stabbed the decedent to avoid being injured by the decedent. Defendant was not automatically entitled to a directed verdict of acquittal simply because he interposed self-defense as a justification for having committed the homicide. The resolution of the conflicts presented by the evidence was for the jury. See *Bullard v. State,* 157 Ga. App. 606 (1) (278 SE2d 26); *Mosley v. State,* 157 Ga. App. 578 (1) (278 SE2d 154); *Hill v. State,* 155 Ga. App. 718, 719 (3) (272 SE2d 508); *Guest v. State,* 155 Ga. App. 374, 375 (2) (270 SE2d 904). The jury was authorized to infer from the evidence that the decedent's expressed desire to have sex with the defendant's wife gave rise to a sudden violent and irresistible passion on the part of the defendant which caused the slaying. See *Copeland v. State,* 139 Ga. App. 55, 58 (4) (227 SE2d 850); *Starr v. State,* 134 Ga. App. 149 (1) (213 SE2d 531). There is no merit in this enumeration of error.

2. With reference to the enumerations of error that the verdict was contrary to law, contrary to the evidence and strongly against the weight of the evidence, we have examined the record and transcript and find that a rational trier of fact (the jury in the case sub judice) could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt of the offense of voluntary manslaughter. There is no merit in these complaints. See *Benjein v. State,* 158 Ga. App. 794, 795 (282 SE2d 391); *Drake v. State,* 245 Ga. 798, 799 (267 SE2d 237); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628).

3. Defendant next contends that the trial court erred in giving a charge on mutual combat contending there is no evidence of a mutual intent to fight. Defendant's own testimony, defense and admissions refutes this complaint, being suddenly aroused by anger and mutually intending to fight the doctrine of mutual combat is involved. See *Daniels v. State,* 157 Ga. 780, 781 (4, 5) (122 SE 223).

Compare *Johnson v. State,* 173 Ga. 734, 742 (2) (161 SE 590),and cases cited. While the jury could have believed defendant's testimony . showing justification and self-defense and not a mutual intent to fight; nevertheless, the gist of defendant's statement is that the decedent told the defendant he was going to have sex with the defendant's wife or die trying and both men began fighting, the decedent reached for a knife and the defendant himself was able to grab it before the decedent could get his hands on it. See in this connection *Strickland v. State,* 137 Ga. App. 419, 420 (224 SE2d 87); *Williams v. State,* 156 Ga. App. 17, 18 (2) (274 SE2d 71); *Askins v. State,* 210 Ga. 532, 538 (81 SE2d 471). The trial court did not err in instructing the jury on mutual combat.

4. After beginning its deliberations the jury requested a definition of voluntary manslaughter which the trial court proceeded to give, using verbatim the terminology of Code Ann. § 26-1102 (Ga. L. 1968, pp. 1249, 1276). It is noted that when the court inquired of counsel if he had any exceptions to the charge redefining voluntary manslaughter counsel replied that he did not. If counsel had desired further charges as to justifiable homicide he should have requested the appropriate instructions from the trial court at that time. See *Demps v. State,* 140 Ga. App. 90 (1), 91 (230 SE2d 97). Further, there was a waiver of any objection or exception when counsel stated he had no exceptions thereto. See *Copeland v. State,* 160 Ga. App. 786, 789 (10) (287 SE2d 120); *Whiddon v. State,* 160 Ga. App. 777, 778-779 (2) (287 SE2d 114). We find no reversible error here.

5. The remaining enumeration of error contends that the trial court erred in failing to give defendant's request to charge that any contradictory statement admitted for the purpose of trying to impeach the testimony of any witness may be admitted only for that purpose and the contents of any such contradictory statement may not be considered by the jury as evidence against the accused. Heretofore, that is, prior to *Gibbons v. State,* 248 Ga. 858, 862-864 (286 SE2d 717), the use of prior inconsistent statements in Georgia has been restricted to impeachment, except in cases where they come under some other exception to the hearsay rule. However, as set forth in *Gibbons* the Supreme Court now allows such testimony as substantive evidence where the witness takes the stand and is subject to cross-examination, notwithstanding variant testimony from the stand, the rule being to extend the potential for "the discovery of truth."

Defendant contends that since he was tried prior to the announcement of the new rule in *Gibbons* the change in the rules of law developed after defendant's trial is not applicable to his trial. See *Holloway v. McElroy,* 241 Ga. 400 (245 SE2d 658). Hence, defendant

contends that the failure of the trial court to give this charge was harmful because it allowed the jury to consider a statement which by law had no probative value and which was harmful to the defendant.

The district attorney by brief argues that he concurs that as the law stood at the time of the defendant's trial this requested instruction on the probative value of an impeaching statement should have been given. But, the criminal defendant has no vested right to any particular rule of evidence or procedure; and the general assembly and the appellate courts may change the rules of evidence and procedure to his detriment so long as his substantive, statutory and constitutional rights are not breached thereby. See *Bryan v. Bryan,* 242 Ga. 826, 828 (2) (251 SE2d 566); *Todd v. State,* 228 Ga. 746 (187 SE2d 831); *Walker v. State,* 132 Ga. App. 274, 276 (4) (208 SE2d 5). Consequently, defendant would not be entitled to have his jury instruction given upon a retrial of the case even if this court reversed his conviction on account of this alleged error. The alleged error is now harmless in light of the recent change in the law concerning the evidentiary value of contradictory statements.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED SEPTEMBER 17, 1982.

*Stanley C. House,* for appellant.
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.