## 76109. HICKMAN v. THE STATE.
### (366 SE2d 426)

POPE, Judge.

James L. Hickman was indicted for murder and found guilty of voluntary manslaughter. His enumerations on appeal challenge the sufficiency of the evidence to support his conviction.

Defendant's in-custody statement to police recited: "I was coming home on Friday night and I met Otis Sanders on High Street. Otis told me that he was going to get me. Me and Otis had had an argument about two or three weeks ago. Otis pulled out his knife and I hit him with my fist in the face before he had a chance to open the blade. Otis fell down in the street and I stomped him in the face with my foot — I think I used my right foot, but I don't remember. I stomped him several times and when I saw blood coming from his head I got scared and ran home." This evidence was amply corroborated at trial, and the victim died in the hospital fifteen days later without ever having regained consciousness.

1. Defendant first asserts that there was insufficient proof that he acted unlawfully in striking the victim. There is no factual dispute that defendant acted in self-defense when he first struck the victim. However, the jury was authorized to conclude that defendant's subsequent "stomping" of the victim while he lay unconscious in the street was use of excessive force. "Self-defense, as its nomenclature implies — is defensive in nature and not offensive. Therefore, it is invoked by necessity and without necessity being present it is inapplicable. Thus, the amount of force which can be utilized is based upon necessity and under no circumstances may legitimate self-defense exceed the bounds necessary for its use. Where the force used exceeds that necessary for defense of the person, the law will consider the defender the aggressor and if his act results in a homicide — the offense is at least manslaughter. See 40 CJS 1018, Homicide, § 131." *Spradlin v. State*, 151 Ga. App. 585, 586 (260 SE2d 517) (1979), addendum on remand, 151 Ga. App. 909 (266 SE2d 310) (1980). See generally *An-*

*derson v. State*, 163 Ga. App. 571 (1) (295 SE2d 748) (1982).

2. It follows from our holding in Division 1, supra, that the evidence was sufficient for the jury to conclude beyond a reasonable doubt that the first strike sustained by the victim was not the cause of death. Cf. *Price v. State*, 141 Ga. App. 335 (1) (233 SE2d 462) (1977); *Powell v. State*, 130 Ga. App. 588 (3) (203 SE2d 893) (1974).

3. Defendant's final enumeration asserts as error the lack of proof that the victim died as a direct, proximate result of the strike or strikes inflicted by defendant because the cause of death was due to an intervening factor: pulmonary embolism. This assertion is controlled adversely to defendant by the holding in *Heath v. State*, 77 Ga. App. 127 (47 SE2d 906) (1948).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 29, 1988.

*James H. Whitmer*, for appellant.

*C. Andrew Fuller, District Attorney, Joseph A. Homans, Assistant District Attorney*, for appellee.