## A99A2199. TOLLIVER v. THE STATE.
(531 SE2d 383)

PHIPPS, Judge.

Clayton Ray Tolliver appeals his convictions of two counts of aggravated assault. He argues that the evidence does not support the verdict, that the trial court erred by admitting a statement he made to a police officer at the scene of his arrest, and that the trial court abused its discretion by not sentencing him as a first offender. We find that the evidence was sufficient to support the verdict, that Tolliver's statement was properly admitted, and that the trial court did not abuse its discretion in sentencing. For these reasons, we affirm Tolliver's convictions.

On September 22, 1996, brothers Tarik and John Edwards drove northeastward on I-285 in the far left or "fast" lane. Tolliver approached the Edwardses from behind in that lane. Wanting to pass them, he repeatedly pulled up to their bumper and flashed his high-beam headlights. Eventually Tarik Edwards realized Tolliver was behind him but was not able to move over immediately due to the heavy traffic. Ultimately Tolliver was able to pass Edwards, but he felt that Edwards had been rude in not allowing him to pass sooner. When Tolliver did pass the Edwardses, he made an obscene gesture to them, mouthed the words, "F— you," and sped off.

Minutes later, the Edwardses encountered Tolliver again. Traffic had forced Tolliver to slow, and he was making angry gestures. When Tolliver saw the Edwardses beside him, he mouthed something at

---

[5] Compare *Karlan, Inc. v. King*, 202 Ga. App. 713, 715 (1) (415 SE2d 319) (1992).
[6] Id.; see also OCGA § 9-11-56 (c) (standard for summary judgment).

them. As the two cars traveled alongside one another, Tolliver brandished a .9 millimeter pistol and fired a shot through the rear driver's side window of their car.

Afterward, Tolliver attempted to flee, but the Edwardses successfully tailed him at high speeds on highways and streets in DeKalb County. Eventually, Tolliver brought his car to a stop on a church lawn, and John Edwards called the police to the scene.

1. Tolliver has maintained that the shooting was an accident. He testified that during the second encounter with the Edwardses, they attempted several times to swerve their vehicle into his and force him off the roadway. He testified that he took the pistol from his glove compartment because he feared for his life and held it up to show them that he was armed. Just then, he testified, the Edwardses swerved their car at his again, and his gun accidentally discharged as he swerved away.

Tolliver's weapon was equipped with a safety feature. The pistol would fire only if the hammer was already cocked and the safety feature was not engaged.

> On appeal of a criminal conviction, the standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The determination of a witness' credibility . . . is within the exclusive province of the jury. This court determines the sufficiency of the evidence, and does not weigh the evidence or determine witness credibility.[1]

The indictment alleged that Tolliver "ma[d]e . . . assault[s] upon the person[s] of" Tarik and John Edwards "with a handgun, a deadly weapon." One assaults another with a deadly weapon if he "[a]ttempts to commit a violent injury to the person of another" with a deadly weapon or if he "commits an act which places another in reasonable apprehension of immediately receiving a violent injury."[2]

A rational trier of fact could have found beyond a reasonable doubt that Tolliver committed either or both of those two forms of aggravated assault with a deadly weapon. There was sufficient evidence to support a finding that Tolliver intentionally fired his weapon at the Edwardses. Also, there was sufficient evidence to find that Tolliver intentionally committed an act which placed the Edwardses in reasonable fear of immediately receiving a violent

---

[1] (Citations, punctuation and emphasis omitted.) *Gray v. State*, 213 Ga. App. 507, 509 (1) (445 SE2d 328) (1994).

[2] OCGA §§ 16-5-20; 16-5-21.

injury. The evidence was sufficient to support Tolliver's convictions.

2. After John Edwards called the police, Officer Jason Honeycutt was dispatched with information that there had been a disturbance involving a handgun. Pursuant to his normal procedure, Honeycutt spoke with all the parties to gain an understanding of what had transpired. Tolliver told Honeycutt that he had "[taken] out his pistol and pointed it at the [Edwardses] to try to scare them off" after it appeared to him that "[they] were trying to ram him" and that the pistol had discharged accidentally.

Honeycutt never read *Miranda* warnings to Tolliver. After a *Jackson-Denno* hearing, Honeycutt was allowed to testify to Tolliver's statement at trial. The statement contradicted later testimony from Tolliver that he never pointed his weapon at the Edwardses but only held it pointed upwards before he swerved and it discharged.

*Miranda* warnings apply to custodial interrogations.[3] The issue here is whether Tolliver was in custody at the time Honeycutt solicited his version of the events. For purposes of *Miranda*, one is in custody if he has been "formally arrested or restrained to the degree associated with a formal arrest."[4]

> "In resolving this issue, the relevant inquiry is how a reasonable person in (a) suspect's position would perceive his situation [cits.]; that is, whether a reasonable person in [his] position would have understood the situation to constitute restraint on freedom of movement of the degree which the law associates with formal arrest. [Cit.]" [Cit.][5]

"As a general rule, one who is the subject of a general on-the-scene investigation is not in custody . . ." though he may not be free to leave during the investigation.[6] The evidence before the court did not show that a reasonable person in Tolliver's position would have felt restrained to the degree associated with a formal arrest when he spoke with Honeycutt. Therefore, we find no error in the court's admission of his statement to Honeycutt.

3. The court sentenced Tolliver to five years, to serve one year that would be suspended with the completion of the DeKalb County diversion program. Immediately after the court announced its sentence, Tolliver reiterated a desire to be sentenced under the First Offender Act, and the judge told him that she would sentence him to

---

[3] *Shy v. State*, 234 Ga. 816, 821 (218 SE2d 599) (1975).
[4] *Hodges v. State*, 265 Ga. 870, 872 (2) (463 SE2d 16) (1995).
[5] *Thompson v. State*, 234 Ga. App. 74, 76 (1) (a) (506 SE2d 201) (1998).
[6] (Citations and punctuation omitted.) *Mason v. State*, 177 Ga. App. 184, 185 (1) (338 SE2d 706) (1985); see also *Shy*, supra at 819-820.

five years, with three years to be served, if he were sentenced under the First Offender Act. Tolliver contends that the trial court abused its discretion by conditioning first offender treatment on the service of prison time.

The court was authorized to find that the severity of Tolliver's offenses warranted either a felony record or prison time.[7]

Finding no error in any of the enumerations raised by Tolliver, we affirm his convictions.

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 16, 2000 —
RECONSIDERATION DENIED MARCH 28, 2000 — 

*Jason R. Hasty,* for appellant.
*J. Tom Morgan, District Attorney, Maria Murcier-Ashley, Assistant District Attorney,* for appellee.

---

[7] Compare *Jones v. State*, 208 Ga. App. 472 (431 SE2d 136) (1993) (error found in court's refusal to consider first offender treatment as a sentencing option in any case under any circumstances).