A03A0165. CAMPBELL v. THE STATE.
(575 SE2d 748)

ELDRIDGE, Judge.

Cynthia Campbell appeals her conviction for aggravated battery, a violation of OCGA § 16-5-24. In her sole enumeration of error, Campbell argues that the evidence was insufficient to sustain her conviction. Finding no error, we affirm.

Viewed in a light most favorable to the verdict,[1] the evidence shows that on July 16, 2000, Campbell attended a cookout at which

the victim and his current girlfriend were present. Campbell and the victim had dated for a short period earlier, but had not dated since January or February 2000. After the cookout, the victim, his girlfriend, Campbell, and several other friends went to Charlie's Bar & Grill ("the club"). The victim was apprehensive about taking Campbell to the club because Campbell had been telling his current girlfriend lies about him. After arriving at the club, the victim had a conversation with Jennifer Holder, one of the other women in the group, and expressed his dislike for Campbell and the reasons behind the dislike, i.e., that she was telling his current girlfriend lies about him. Later in the evening, Holder told Campbell that she needed to watch her back and that Campbell had no friends. After the conversation between Campbell and Holder, Campbell went to the victim's girlfriend and asked her permission to speak to the victim.

As the group left the club, the victim went to his car and sat in the driver's seat. The remainder of the group had not reached the car, when Campbell approached the window of the passenger side of the victim's vehicle. Campbell questioned the victim about the rumors that she had heard he was spreading about her. Campbell demanded that the victim get out of the car. As the victim exited the car, Campbell walked around to the driver's side of the car and attacked the victim. Campbell appeared to swing her hand multiple times at the victim's head. After observing Campbell's actions, Holder interceded and broke up the altercation.

As a result of the altercation between the victim and Campbell, the victim's head was bleeding profusely. As others in the group offered assistance to the victim, Campbell walked past several parked cars and stood watching. The victim was taken to St. Mary's Hospital for treatment where it was ascertained that he had sustained six cut wounds, five on his head and one on his arm. The injuries to his head required 30 staples. Neither the victim nor any other witness saw a weapon; however, the injuries to the victim's head and arm were consistent with those caused by a sharp blade, and they were not present until immediately after the altercation between the victim and Campbell.

Officer Crispin Jones of the Athens-Clarke County Police Department testified that he was called to the St. Mary's Hospital emergency room regarding the victim's injuries. While he was there, a security guard spotted Campbell trying to get through a locked gate in the fence surrounding the hospital property. Campbell stated that she was trying to cut through the hospital parking lot to get to her home. The security guard noticed that Campbell's hand was bleeding "real bad." Campbell told the security guard that she had cut her hand on a bottle. The security guard directed Campbell to the emer-

gency room for treatment, and Officer Jones was informed of her presence.

While at the hospital, Campbell admitted to Officer Jones that she had been in an altercation with the victim, but denied having a weapon or cutting him in any manner. Campbell stated to Officer Jones that the victim had been the aggressor and that he had grabbed her around her neck, choking and hitting her, and that her actions were in self-defense. Campbell maintained to Officer Jones that she did not know how her hand or the victim's head and arm had been cut. Officer Jones testified that there was no redness on Campbell's face or neck consistent with someone grabbing and choking her or hitting her in the face. Officer Jones further testified that based on his training and experience it was his opinion that the victim's wounds were caused by a sharp-bladed object and were not caused by a fingernail or jewelry. Campbell's statement made after her arrest and her testimony at trial were consistent with the statement she made at the hospital. *Held*:

"On appeal of a criminal conviction, the standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted.) *Tolliver v. State*, 243 Ga. App. 180, 181 (1) (531 SE2d 383) (2000); *Jackson v. Virginia*, supra. "A person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof." OCGA § 16-5-24 (a).

Campbell asserts that the State failed to prove that she acted with malicious intent. While a person is not presumed to act with criminal intent, "the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." OCGA § 16-2-6. In this case, the evidence showed that Campbell was very angry and upset because she perceived that the victim had been saying inappropriate things about her. Campbell admitted during trial that she was upset with the victim and wanted to confront him. The victim and two other witnesses testified that Campbell's demeanor and conduct were very hostile and violent during the confrontation; that she angrily ordered the victim to exit his car; and that she started both the verbal and physical altercation. Hence, the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Campbell acted with malicious intent.

Campbell further asserts that the lack of a weapon and the lack of medical testimony regarding the cause of the victim's injuries are

evidence of lack of malicious intent. This argument is without merit. It is undisputed that a weapon was not seen or found on Campbell. The evidence is also undisputed that the injuries to the victim's head and arm were not present until Campbell attacked the victim and swung her hand several times at the victim's head. Further, it is undisputed that Campbell was the only person with the victim at the time of the altercation. Additionally, Officer Jones testified that based on his training and experience that the wounds could not have been caused by Campbell's fingernails or jewelry and that the wounds were consistent with wounds made by a sharp-bladed object.

Next, Campbell argues that the two eyewitnesses to the altercation were biased toward the victim because they were related to the victim's girlfriend. However, this argument goes to witness credibility and asks this Court to do what we are not authorized to do, which is to weigh evidence and determine witness credibility. See *Payne v. State*, 248 Ga. App. 158, 159 (1) (545 SE2d 336) (2001) (this Court "does not weigh the evidence or determine witness credibility. [Cit.] Conflicts in the evidence are for the jury to resolve. [Cit.]"). "A jury is authorized to believe or disbelieve all or any part of the testimony of witnesses and it serves as the arbiter of conflicts in the evidence before it. [Cit.]" *Drake v. State*, 238 Ga. App. 584, 586 (1) (519 SE2d 692) (1999). Further, the jury was aware of the relationship between the victim and the two eyewitnesses, as well as the fact that the same witnesses had known Campbell longer, and both had a familial connection with Campbell in that she had children by one of their mutual relatives.

Lastly, Campbell argues that the State failed to disprove the defendant acted in self-defense. However, the question of self-defense is to be determined by the jury when there is conflicting evidence on the issue. *Russell v. State*, 267 Ga. 865, 866 (485 SE2d 717) (1997). In this case, the evidence was sufficient to enable a rational trier of fact to find that Campbell did not act in self-defense and that she was guilty beyond a reasonable doubt of aggravated battery. *Jackson v. Virginia*, supra.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED DECEMBER 13, 2002.

*Adrian L. Patrick*, for appellant.
*Kenneth W. Mauldin*, District Attorney, *Julayaun M. Waters, Assistant District Attorney*, for appellee.