A04A0704. PETTIFORD v. THE STATE.
(595 SE2d 673)

ANDREWS, Presiding Judge.

Following a bench trial, John Lewis Pettiford appeals from his conviction on three counts of felony theft by deception. For the following reasons, we affirm the conviction on Count 1, vacate the convictions on Counts 2 and 3, and remand the case for resentencing.

1. Contrary to Pettiford's contention, the evidence was sufficient to support the guilty verdicts. On appeal from a criminal conviction, the defendant is no longer entitled to a presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdicts. *Parker v. State*, 220 Ga. App. 303 (469 SE2d 410) (1996). By this standard, there was evidence that Pettiford was guilty of felony theft by deception in violation of OCGA § 16-8-3 when he used deceitful means to obtain from the rightful owner three pieces of earth moving equipment each having a value in excess of $500.

There was evidence that Pettiford agreed to buy the three pieces

of equipment, each valued at over $500, for a total purchase price of $21,000. Pettiford took possession of the equipment from the owner representing that he needed to have the equipment inspected prior to buying it and that he had a loan from a bank for the purchase price that would be completed within a week. Evidence showed that, after the equipment was inspected, Pettiford kept the equipment without paying for it, and that he did not have a bank loan for the purchase price.

Under OCGA § 16-8-3 (a), "[a] person commits the offense of theft by deception when he obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property." Subsection (b) (1) of the statute sets forth one of the statutory methods by which this may be accomplished and provides that, "[a] person deceives if he intentionally . . . [c]reates or confirms another's impression of an existing fact or past event which is false and which the accused knows or believes to be false." If the property the subject of the theft exceeds $500 in value, the offense is punished as a felony. OCGA § 16-8-12 (a) (1).

The evidence, both direct and circumstantial, was sufficient for the trial court to conclude beyond a reasonable doubt that Pettiford was guilty of the offenses of felony theft by deception when he obtained the three pieces of equipment (each worth in excess of $500) by a scheme which included falsely creating the impression of an existing fact — that he had arranged for a bank loan enabling him to pay the $21,000 purchase price for the equipment within a week. *Vickers v. State*, 124 Ga. App. 752 (186 SE2d 157) (1971); *Ray v. State*, 165 Ga. App. 89, 92-93 (299 SE2d 584) (1983).

2. There is no merit to Pettiford's contention that the trial court failed to find him guilty of the offenses beyond a reasonable doubt. In the absence of evidence in the record to the contrary, we will presume that the trial court applied the correct reasonable doubt standard in finding Pettiford guilty as charged on all three counts. *Whittington v. State*, 184 Ga. App. 282, 283 (361 SE2d 211) (1987).

3. We find, however, that the same evidence was used to prove Pettiford's guilt on the three counts each alleging in identical terms theft by deception of one of the three pieces of equipment. It follows that the three charged offenses merged as a matter of fact into one theft by deception offense for purposes of conviction and sentencing. *Curtis v. State*, 275 Ga. 576 (571 SE2d 376) (2002). Accordingly, we affirm the conviction on Count 1 and vacate the convictions on Counts 2 and 3. We vacate all the sentences imposed and remand the case for resentencing.

*Judgment affirmed in part and vacated in part and case remanded for resentencing. Miller and Ellington, JJ., concur.*

DECIDED FEBRUARY 26, 2004.

*Robert R. McLendon IV*, for appellant.
*J. Brown Moseley, District Attorney*, for appellee.