## A05A0829. TYLER v. THE STATE.

(619 SE2d 804)

MIKELL, Judge.

Jerry Lynn Tyler appeals his conviction of theft by deception and possession of less than one ounce of marijuana, arguing that the trial court erred in admitting a photograph of him into evidence and that the state did not prove the elements of theft by deception beyond a reasonable doubt. We disagree and affirm.

1. "A person commits the offense of theft by deception when he obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property."[1] Such deception may be accomplished by intentionally "[c]reat[ing] or confirm[ing] another's impression of an existing fact or past event which is false and which the accused knows or believes to be false."[2] If the property taken exceeds $500 in value, the offense may be punished as a felony.[3]

Construed in the light most favorable to the guilty verdict,[4] there is competent evidence to support each element of the state's case, and the jury's verdict will be upheld.[5] The evidence adduced at trial authorized the jury to find that a customer entered a business called Industrial Bearing and Supply on January 6, 2000, and asked for the price of a drill. Barry Brown, part owner of the business, testified that the customer purchased two drills for a total price of $569.99 and instructed Brown to bill the purchase to Wilson Construction. The customer signed the bill of sale, which was introduced into evidence, as "James Wilson." Brown became suspicious because the customer did not try to negotiate a reduction in price for the pair of drills, although most customers do. After writing up the purchase, Brown went outside to record the tag number of the customer's car. Suddenly, the customer jumped into the passenger seat, and the driver, a woman, sped away. Brown pursued them in a truck to make sure he obtained the tag number. Upon returning to work, Brown contacted Wilson Construction, determined that the customer was not authorized to sign on the account, and then called the police.

The detective who investigated the incident, David Headrick, testified that he traced the tag number to a Tennessee Oldsmobile owned by a Tammie Germain. Germain was located with Tyler at a motel in Chattanooga. Headrick read Tyler the *Miranda* warnings, and Tyler signed a waiver of rights. Tyler gave a written statement admitting that he purchased the two drills, charged them to Wilson,

---

[1] OCGA § 16-8-3 (a).

[2] OCGA § 16-8-3 (b) (1).

[3] OCGA § 16-8-12 (a) (1).

[4] See *Pettiford v. State*, 265 Ga. App. 874 (1) (595 SE2d 673) (2004).

[5] See *Westbrooks v. State*, 263 Ga. App. 566 (1) (588 SE2d 335) (2003).

and then took the drills to Tennessee. Headrick further testified that Tyler asked him to contact Brown to see if he would accept payment for the drills in exchange for not prosecuting the charge. Apparently Brown refused, as Headrick charged Tyler after talking to Brown. This evidence was sufficient for any rational trier of fact to find that Tyler used deceitful means in order to obtain property valued in excess of $500 and was thus guilty of felony theft by deception in violation of OCGA § 16-8-3.[6]

2. Tyler next asserts that the trial court erred in admitting into evidence a photograph of him that was not properly authenticated. We disagree. The record reveals that the prosecutor showed Brown a photograph and asked whether he could identify it. Brown testified that the picture looked like the customer who bought the drills. The prosecutor then asked Brown whether the photograph was a fair and accurate depiction of the defendant when he came into the store that day. Brown replied: "Yes, I guess. I guess he looked like that." The photograph was admitted over Tyler's objection that the identification was insufficient. "A photograph is authenticated by showing it is a fair and accurate representation of the scene depicted."[7] "The question of the sufficiency of the preliminary proofs to identify photographs, or to show that it is a fair or accurate representation of the objects which it purports to portray, is a question committed to the discretion of the trial judge. [Cits.]"[8] We find no abuse of discretion. Although Tyler complains on appeal that the photograph should not have been admitted because his appearance therein differed from his appearance at the time he came into the store, Tyler failed to raise any such argument in the trial court, and we will not consider it.[9]

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED AUGUST 15, 2005.

*Michael A. Corbin*, for appellant.
*Kermit N. McManus, District Attorney, Forest L. Miles, Assistant District Attorney*, for appellee.

---

[6] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Pettiford*, supra at 875 (1); *Westbrooks*, supra at 567 (1) (a).

[7] (Citation omitted.) *Isaacs v. State*, 259 Ga. 717, 732 (26) (386 SE2d 316) (1989).

[8] (Punctuation omitted.) *Byrd v. State*, 182 Ga. App. 284, 286 (4) (355 SE2d 666) (1987) (physical precedent only), citing *Johnson v. State*, 158 Ga. 192, 198 (2) (123 SE 120) (1924).

[9] See *Wilbanks v. State*, 251 Ga. App. 248, 265 (15) (554 SE2d 248) (2001).