A05A2000. LINZY v. THE STATE.
(627 SE2d 411)

RUFFIN, Chief Judge.
    Herbert Linzy appeals his conviction for voluntary manslaughter, challenging the sufficiency of the evidence. We find that the evidence was sufficient and affirm.
    In reviewing the sufficiency of the evidence supporting a criminal conviction, "we view the evidence in [a] light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence."[1] We neither weigh the evidence nor evaluate the credibility of witnesses.[2] Our inquiry is "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[3]
    On August 7, 2004, police were called to an altercation at a vacant lot in Bainbridge where people often gathered to drink and play cards. Linzy and several other people had been there most of the day. Linzy and Tyrone Davis, who were both intoxicated, got into an argument over three dollars that Davis claimed Linzy owed to him. Jerome Sasser entered the argument and hit Linzy with a walking cane. Linzy and Davis resolved their dispute and left the area briefly. When they returned, Linzy approached a card game in which Sasser was participating; Sasser stood up and cut Linzy on the face with a razor. Linzy then began beating Sasser with a piece of wood. After Linzy struck Sasser several times, Bernard Slappey separated the two men. Linzy told Slappey: "Move out of the way, I want to kill him."

---

[9] See *Carswell*, supra.
[1] *Lawson v. State*, 275 Ga. App. 334, 335 (1) (620 SE2d 600) (2005).
[2] See id.
[3] Id.

When police arrived, both Linzy and Sasser were bleeding, and they were transported to the hospital. When Sergeant David Cutchins saw Linzy at the hospital, Linzy said: "[W]ould you roll my bed in there in the room where [Sasser] is at and let me finish the job?" and "I was going to kill the m___ f___." Sasser died from his injuries on August 12. The medical examiner testified that Sasser had received at least four separate blows to the head, and that his death was caused by the delayed effects of blunt force trauma to the head.

Linzy's only defense at trial was that he acted in self-defense. When a defendant raises self-defense as a justification for the use of deadly force, the State must disprove that defense beyond a reasonable doubt.[4] Linzy argues that the evidence at trial was insufficient to negate his assertion of self-defense. But it is generally a jury question "whether or not the evidence shows that a person had a reasonable belief that it was necessary to use deadly force to prevent death or great bodily injury to himself."[5]

Here, the evidence was sufficient for the jury to determine beyond a reasonable doubt that Linzy did not act in self-defense.[6] The jury was entitled to believe evidence that Linzy instigated the altercation by approaching Sasser in a threatening manner with a piece of wood in his hand and thus did not act in self-defense.[7] Furthermore, there was testimony that Linzy continued to strike Sasser after he had fallen to the ground and was no longer a threat. Accordingly, the jury could conclude either that Linzy's actions were not justified because he used excessive force,[8] or that he did not act in self-defense after the first blow.[9] And Linzy's statements, both in the heat of the moment and later at the hospital, that he intended to kill Sasser do not support a finding of self-defense.[10] Therefore, we affirm Linzy's conviction for voluntary manslaughter.

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 20, 2006.

*Billy M. Grantham*, for appellant.

---

[4] See *Giddens v. State*, 276 Ga. App. 353, 355 (1) (623 SE2d 204) (2005).

[5] (Punctuation omitted.) Id.; see also *Slaughter v. State*, 278 Ga. 896, 896-897 (608 SE2d 227) (2005).

[6] See *Hutchinson v. State*, 158 Ga. App. 73, 73-74 (279 SE2d 313) (1981) (physical precedent only).

[7] See *Giddens*, supra.

[8] See *Harris v. State*, 274 Ga. 422, 423 (1) (554 SE2d 458) (2001); *In the Interest of Q. M. L.*, 257 Ga. App. 22, 23-24 (2) (570 SE2d 92) (2002).

[9] See *Hickman v. State*, 186 Ga. App. 118 (1) (366 SE2d 426) (1988).

[10] See, e.g., *Daniel v. State*, 268 Ga. 9 (1) (485 SE2d 734) (1997).

*J. Brown Moseley, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.