## A06A2328. McRAE v. THE STATE.
(640 SE2d 323)

BLACKBURN, Presiding Judge.

Following a jury trial, Christopher McRae was convicted of aggravated assault.[1] He appeals his conviction and the denial of his motion for new trial, arguing that the trial court erred by admitting into evidence three photographs depicting the victim's knife wounds. Discerning no error, we affirm.

Viewed in the light most favorable to the verdict, *Davis v. State*,[2] the evidence shows that on the night of January 31, 2003, the victim and McRae were playing pool together at a local tavern. Late in the evening, they began arguing over the outcome of the game, and as a result, McRae angrily stormed out of the tavern. A few minutes later, as the victim was returning his pool stick to the holder on the wall, McRae re-entered the tavern and attacked the victim from behind with a knife. A short fight ensued, and after tavern patrons pulled the two apart, the victim realized that his chest was bleeding. He was able to walk out of the tavern and around the corner to the home of a friend, who agreed to take him to a hospital. On the way to the hospital, they were stopped by a police officer for speeding but were quickly escorted to the hospital by the officer after apprising her of the situation.

McRae was arrested and indicted on one count of aggravated assault. At trial, the victim and one of the tavern patrons testified regarding the attack. In addition, the police officer, who had escorted the victim and his friend to the hospital, testified regarding the victim's injuries as well as the photographs she took of his injuries. At the trial's conclusion, the jury found McRae guilty of aggravated assault. After his amended motion for new trial was denied, this appeal followed.

In three separate enumerations, McRae contends that the trial court erred by admitting into evidence three different photographic exhibits depicting the victim's knife wounds. Specifically, McRae argues that because the photographs of the wounds also showed alterations to the victim's body made by medical personnel, their admission into evidence was contrary to the Supreme Court of Georgia's decision in *Brown v. State*.[3] McRae's fourth enumeration of error claims that the trial court erred in denying his amended motion for new trial, which was also based solely on the alleged error of

---

[1] OCGA § 16-5-21.

[2] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

[3] *Brown v. State*, 250 Ga. 862, 867 (5) (302 SE2d 347) (1983).

admitting the photographs. Because all of McRae's enumerations of error hinge on the same legal analysis, they are consolidated for the purposes of our review.

"The admission of photographs into evidence is a matter within the discretion of the trial court." *Taylor v. State*.[4] Here, the disputed photographs showed several of the knife wounds suffered by the victim as well as the severity of those wounds. The photographs were not cumulative, and according to the police officer who took them, accurately depicted the nature and extent of the victim's injuries. Thus, the photographs were relevant to the aggravated assault charge against McRae. See *Smith v. State*.[5]

Nevertheless, McRae contends that the photographs were inadmissible under *Brown*, supra. In that decision, the Supreme Court of Georgia ruled that "[a] photograph which depicts the victim after autopsy incisions are made or after the state of the body is changed by authorities or the pathologist will not be admissible unless necessary to show some material fact which becomes apparent only because of the autopsy." *Brown*, supra, 250 Ga. at 867 (5). Extrapolating from this language, McRae argues that the disputed photographs depicting the victim's knife wounds should have been ruled inadmissible because they also showed alterations to the victim's body, such as a chest tube and monitor wires, made by medical personnel. We disagree. "Incidental inclusion of medical apparatus in an emergency treatment room where a victim is being treated because of wounds inflicted by his assailant is not sufficient reason to exclude an otherwise relevant photograph." *Graham v. State*.[6] See also *Nassar v. State*.[7] Accordingly, the trial court did not abuse its discretion in ruling that the photographs depicting the victim's wounds were admissible and did not err in denying McRae's motion for new trial.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED NOVEMBER 21, 2006 —
RECONSIDERATION DENIED DECEMBER 12, 2006 — 

*Randall M. Clark, O. Dale Jenkins*, for appellant.
*Stephen D. Kelley, District Attorney, William S. Hart, Assistant District Attorney*, for appellee.

---

[4] *Taylor v. State*, 271 Ga. 629, 630 (2) (523 SE2d 322) (1999).
[5] *Smith v. State*, 279 Ga. App. 211, 213 (2) (630 SE2d 833) (2006).
[6] *Graham v. State*, 175 Ga. App. 411, 413 (3) (333 SE2d 664) (1985).
[7] *Nassar v. State*, 253 Ga. 35 (2) (315 SE2d 903) (1984).