A07A0994. WHITAKER v. THE STATE.
(652 SE2d 568)

RUFFIN, Judge.

A jury found Clance Whitaker guilty of aggravated assault and aggravated battery.[1] On appeal, Whitaker challenges the sufficiency of the evidence, arguing that the State did not disprove that he acted in self-defense. He also contends that the trial court abused its discretion in admitting certain evidence and that the trial court improperly commented upon the evidence. Finding that these claims of error lack merit, we affirm.

1. On appeal from a criminal conviction, Whitaker no longer enjoys a presumption of innocence, and we view the evidence in a light most favorable to the jury's finding of guilt.[2] In so doing, we neither weigh the evidence nor assess witness credibility, but only ascertain whether the evidence was sufficient to establish Whitaker's guilt beyond a reasonable doubt.[3] "As long as there is some evidence, even though contradicted, to support each necessary element of the State's case, the jury's verdict will be upheld."[4]

Viewed in this manner, the evidence demonstrates that on April 20, 2002, Margaret Wright heard a commotion outside her apartment, and when she looked outside, she saw Melvin Thomas prostrate on the ground while Whitaker kicked him in the head. Wright's

---

[7] *Wilson v. State*, 244 Ga. App. 224, 226 (1) (534 SE2d 910) (2000).

[8] See *Greene*, supra; *Wilson*, supra.

[1] Whitaker was acquitted of a second aggravated assault charge and two murder charges.

[2] See *Adams v. State*, 282 Ga. App. 819, 819-820 (1) (640 SE2d 329) (2006).

[3] See *Kellibrew v. State*, 239 Ga. App. 783 (1) (521 SE2d 921) (1999).

[4] Id.

grandson, Johnny Anthony, also witnessed Whitaker and another man identified as Aaron Harris "stomping" Thomas. Wright exited her house to check on Thomas, and Whitaker fled past her. Thomas was taken to Grady Hospital where it was discovered that he had a fractured cervical spine, which rendered him a quadriplegic. Approximately six months later, Thomas died as a result of pneumonia related to his quadriplegia.

After Thomas died, Whitaker was indicted for murder, felony murder, aggravated assault, and aggravated battery. At trial, Whitaker testified and admitted kicking Thomas in the head. According to Whitaker, Thomas had agreed to give him a ride to a friend's house for $10. Thomas then picked up Harris, who did not pay for the ride. An argument ensued, and Thomas reached into the console and retrieved a pair of rusty scissors, which he used to stab Whitaker in the arm.[5] Thomas and Whitaker fell from the car and continued to fight. Whitaker testified that he was eventually able to stand up, but that Thomas was clutching his leg, so he kicked him in the head. Notwithstanding Whitaker's testimony, the jury found him guilty of aggravated assault and aggravated battery.

On appeal, Whitaker contends that the evidence was insufficient to establish his guilt because "the State did not rebut [his] claim of self-defense beyond a reasonable doubt." "When a defendant raises self-defense as a justification for the use of deadly force, the State must disprove that defense beyond a reasonable doubt."[6] But "the question of self-defense is to be determined by the jury when there is conflicting evidence on the issue."[7] Here, when Wright and Anthony saw Whitaker kicking Thomas in the head, Thomas was prostrate on the ground. Thus, the jury was authorized to conclude that kicking Thomas in the head was unnecessary for Whitaker's defense.[8] Accordingly, Whitaker's claim of error lacks merit.[9]

2. During the trial, the State tendered in evidence two photographs, purporting to show the scene of the crime, in which dummies were placed in Thomas's position. The court admitted the pictures over Whitaker's objection. On appeal, Whitaker asserts that — given the use of the dummy — the pictures were not accurate representations of the scene of the crime. Whitaker also argues that the prejudice created by the admission of the pictures outweighed any probative value. We disagree.

---

[5] Both Wright and Anthony testified that they did not see scissors on or near Thomas.

[6] *Linzy v. State*, 277 Ga. App. 673, 674 (627 SE2d 411) (2006).

[7] *Campbell v. State*, 258 Ga. App. 863, 866 (575 SE2d 748) (2002).

[8] See *Fields v. State*, 285 Ga. App. 345, 346 (646 SE2d 326) (2007) (jury able to find that defendant used greater force than that necessary to defend himself).

[9] See *Linzy*, supra.

"The admission of photographs into evidence is a matter within the discretion of the trial court."[10] Similarly, "[t]he question of the sufficiency of the preliminary proofs to identify photographs, or to show that it is a fair or accurate representation of the objects *which it purports to portray*, is a question committed to the discretion of the trial judge."[11] In this case, the photographs purported to portray only Thomas's location in the street. Moreover, we do not agree with Whitaker's contention that the photographs were unduly prejudicial. Rather, an objective examination of the photographs reveals them to be innocuous demonstrative aids to establish Thomas's location.[12] Under these circumstances, we cannot say the trial court abused its discretion in admitting the photographs for this limited purpose.[13]

3. Finally, Whitaker contends that the trial court committed reversible error by improperly commenting upon the evidence during the jury charge. Specifically, Whitaker takes issue with the trial court's recharge on the offense of aggravated battery. After the jury requested "clarification [on the] differences between battery[ and] aggravated battery," the judge instructed the jury in pertinent part that

> [a]ggravated battery, which is what is alleged in the indictment, . . . is defined as follows: [a] person commits the offense of aggravated battery when he maliciously causes bodily harm to another by depriving him or her of a member of his or her body, . . . by rendering a member of his or her body useless, . . . or by seriously disfiguring his or her body or member thereof. *And so it is the State's claim that the defendant was responsible for Mr. Thomas's body being useless. I guess his arms and legs.*[14]

According to Whitaker, the latter part of the instruction constituted an improper comment upon the evidence in violation of OCGA § 17-8-57. Again, we disagree.

Whitaker correctly notes that "[i]t is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved

---

[10] (Punctuation omitted.) *McRae v. State*, 282 Ga. App. 852, 853 (640 SE2d 323) (2006).

[11] (Punctuation omitted; emphasis supplied.) *Tyler v. State*, 275 Ga. App. 115, 116 (2) (619 SE2d 804) (2005).

[12] See id.

[13] See *Veal v. State*, 242 Ga. App. 873, 876 (4) (531 SE2d 422) (2000) (" 'Where posed photographs shot at a later time are used and there is testimony as to immaterial variations between the picture and the scene, the judge's decision to admit the pictorial representation will not ordinarily be reversed.' ").

[14] (Emphasis supplied.)

or as to the guilt of the accused."[15] However, Whitaker did not make a contemporaneous objection to this alleged comment upon the evidence or move for a mistrial and thus has failed to preserve this issue for appeal.[16]

Even had the issue not been waived, we would find no basis for reversal. In order to constitute an improper comment upon the evidence pursuant to OCGA § 17-8-57, "the trial court's statement must 'express an opinion about whether the evidence had proven a material issue in the case, whether a witness was credible, or whether the defendant was guilty.' "[17] Here, the trial court did not give its opinion about the evidence, but merely attempted to clarify the State's position.[18] Furthermore, the trial court expressly instructed the jury that no ruling or comment by the court during trial was intended to express any opinion upon the facts of the case, the credibility of witnesses, the evidence, or the defendant's guilt or innocence.[19] It follows that this enumeration of error also lacks merit.[20]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED SEPTEMBER 10, 2007.

*Richard A. Hull*, for appellant.
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.

---

[15] OCGA § 17-8-57.

[16] See *Graham v. State*, 282 Ga. App. 576, 582 (5) (639 SE2d 384) (2006); but see *Adams*, supra at 823 (4) ("A claim of error alleging a violation of OCGA § 17-8-57 is not waived by an attorney's failure to object at trial, if such violation constitutes plain error.") (punctuation omitted).

[17] (Punctuation omitted.) *Anthony v. State*, 282 Ga. App. 457, 458 (1) (638 SE2d 877) (2006).

[18] See *Price v. State*, 280 Ga. 193, 196 (4) (a) (625 SE2d 397) (2006).

[19] See id.

[20] See id.