## A08A0464. GILSTRAP v. THE STATE.
(662 SE2d 755)

JOHNSON, Presiding Judge.

A Fulton County jury found Alvin Gilstrap guilty of voluntary manslaughter, aggravated assault and concealing the death of another. The trial judge ruled that the aggravated assault merged with

---

the voluntary manslaughter, for which he sentenced Gilstrap to serve fifteen years in confinement and five years on probation. The trial court also imposed a ten-year probated sentence for concealing the death of another. Gilstrap appeals, challenging the sufficiency of the evidence supporting the voluntary manslaughter verdict. The challenge is without merit, and we thus affirm the judgment of conviction.

In reviewing the sufficiency of the evidence supporting a criminal conviction, we view the evidence in a light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence.[1] We neither weigh the evidence nor evaluate the credibility of witnesses; rather, our inquiry is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2]

Viewed in favor of the verdict, evidence presented at trial established that in August 2003, Gilstrap was homeless and had been dating Lynette Wright for about six months. One night that August, he discovered Wright near some railroad tracks engaged in a sexual act with another man. An argument ensued, during which Gilstrap struck Wright on the head with a brick. Wright died from the blow to the head, and Gilstrap then stuffed her body into a nearby sewer manhole. Several days later, when the sewer began to overflow, Wright's body was discovered by the City of Atlanta sewer department.

Gilstrap later told his brother-in-law that he had killed Wright with the brick. The police were contacted, and Wright admitted the killing to detectives. He also testified at trial, admitting that he had killed Wright with the brick, but claiming that she had thrown a brick at him first.

A person commits the crime of voluntary manslaughter when he causes the death of another person under circumstances that would otherwise be murder and "he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person."[3]

The evidence in the instant case authorized the jury to find beyond a reasonable doubt that Gilstrap caused Wright's death as the result of a sudden, violent and irresistible passion arising from his having seen her engaged in sexual contact with another man.

---

[1] *Linzy v. State*, 277 Ga. App. 673 (627 SE2d 411) (2006).

[2] Id.

[3] OCGA § 16-5-2 (a).

Because the verdict is supported by sufficient evidence, Gilstrap's conviction must be upheld.[4]

*Judgment affirmed. Barnes C. J., and Phipps, J., concur.*

DECIDED MAY 22, 2008.

*Carl P. Greenberg*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Anna G. Cross, Assistant District Attorneys*, for appellee.

---

[4] See *Carter v. State*, 265 Ga. App. 44, 45-47 (1) (593 SE2d 69) (2004).