## A08A2117. BINNS v. THE STATE.
(675 SE2d 265)

MIKELL, Judge.

After a jury trial, Deon Binns was acquitted of murder and two counts of felony murder and convicted of aggravated assault, aggravated battery, possession of a firearm by a convicted felon, and two counts of possession of a firearm during the commission of a felony. On appeal, Binns contends that: (1) the trial court erred in admitting identification testimony; (2) the investigator impermissibly commented upon Binns's post-arrest silence; (3) trial counsel was ineffective for failing to object to the comment upon Binns's post-arrest silence; (4) the trial court constructively amended the indictment; and (5) the trial court improperly admitted testimonial hearsay. Finding no reversible error, we affirm.

---

> On appeal from a criminal conviction, [Binns] no longer enjoys a presumption of innocence, and we view the evidence in a light most favorable to the jury's finding of guilt. In so doing, we neither weigh the evidence nor assess witness credibility, but only ascertain whether the evidence was sufficient to establish [Binns]'s guilt beyond a reasonable doubt. As long as there is some evidence, even though contradicted, to support each necessary element of the [s]tate's case, the jury's verdict will be upheld.[1]

So viewed, the evidence shows that Demone Baker and Michael Kemp sold drugs out of the Summit Crossing apartment complex in Atlanta. Baker testified that on August 1, 2002, he saw Binns and another man coming to the apartment. Baker told Kemp that they were coming, and Kemp told him to open the door for them. Baker testified that Kemp and Binns were friends. Baker went in the kitchen and from his vantage point, could only see the man who accompanied Binns. Baker then walked into the dining room where he could see Kemp sitting on a sofa and Binns standing over Kemp holding a gun. When Baker walked around the corner, Binns shot him. Baker tried to run but was hit on his left side and fell. Binns told Kemp to get up and go to the door and as they walked past Baker, Binns shot Baker two more times, once near the heart and again near his shoulder. Baker saw Kemp use his key to open the burglar door. Once they exited the door, Baker could no longer see Kemp, but he saw Binns point the gun and fire one time. Baker testified that after the first shot, he heard Kemp say "Please, don't kill me." Baker further testified that he heard two more gunshots followed by something tumbling down the stairs. Baker identified Binns at trial as the person who shot him and Kemp.

Baker recalled that when the police arrived, he could not speak. At the hospital Baker's mother and Carletta Merritt, his girlfriend, kept asking Baker if he knew who shot him. He indicated that he knew but could not speak. The next time the women came to Baker's room, they wrote letters of the alphabet and pointed to them, and Baker spelled out B-E-N. Baker testified that Binns was the person to whom he was referring.

Detective M. Walker interviewed Baker and then obtained an arrest warrant for Binns. Walker arrested Binns several months later. Walker acknowledged on cross-examination that the only evidence that connected Binns to the case was Baker's statement. Binns testified that he did not murder Kemp or shoot Baker. Binns

---

[1] (Punctuation and footnotes omitted.) *Whitaker v. State*, 287 Ga. App. 465 (1) (652 SE2d 568) (2007).

explained that he, Kemp, and Baker were a part of the same crew that sold drugs for an individual he refused to name and implied that he was framed because he wanted to lead his own crew.

1. In his first two enumerated errors, Binns argues that the court should have excluded the testimony of Carletta Merritt about Baker's identification of him as his shooter because it constituted hearsay. Binns also argues that the identification was inadmissible because it was based on inherently unreliable and speculative methods. Because Binns did not raise the latter objection during trial, this alleged error is waived.[2] Thus, we will address only the hearsay claim.

The identification evidence about which Binns complains is Merritt's testimony. Merritt testified that Baker could not talk after the shooting but was able to communicate the name of his shooter by indicating which letters of the alphabet spelled the shooter's name when Merritt pointed to the letters. Defense counsel raised a hearsay objection to prevent Merritt from saying the name spelled by Baker, which objection was sustained. Over a later hearsay objection, Merritt was permitted to tell the jury her response to Baker's identification, which was "Are you sure? Ben from the neighborhood?" She then identified Binns as the person to whom she thought Baker was referring and explained that she had known Binns for quite some time.

Even if we concluded that the testimony constituted inadmissible hearsay, "the erroneous admission of hearsay evidence does not require reversal where the evidence is cumulative of other legally admissible evidence and therefore harmless."[3] In light of Baker's testimony at trial that Binns shot him and Kemp, Merritt's statement was cumulative, and it is highly probable that its admission did not contribute to the verdict.

2. Binns next argues that Detective M. Walker improperly commented upon Binns's post-arrest silence twice during trial. The first instance occurred during the following colloquy:

Q. Did you have to make some kind of special medical provision . . . when you transported him [Binns]?[4]

A. No.

Q. Was he able to walk under his own power?

A. Yes.

---

[2] See *King v. State*, 224 Ga. App. 400, 401 (3) (480 SE2d 385) (1997).

[3] (Citations omitted.) *Wyche v. State*, 291 Ga. App. 165, 167 (2) (661 SE2d 226) (2008).

[4] Binns testified that he had a limp and was partially paralyzed because he was shot when he was 12 years old.

LAW LIBRARY

Q. Did you have him sign anything, you know, booking-in forms or anything like that?

A. No. He refused to give a statement.

Q. I'm not talking about that. I'm talking about booking uniforms [sic].

No objection was raised. The second reference occurred during defense counsel's cross-examination of Walker.

Q. When he [Binns] signed all of those forms when he was booking in the jail, did he use his left or his right hand?

A. . . . I wasn't there when he was booked in the jail.

Q. Did he use his right hand?

A. I don't know. You have to look at him.

Q. Well, you just said that he wasn't paralyzed.

A. You asked me — the first question you asked me was: was he using his left or right hand when he was booked. I wasn't there.

Q. Did you —

A. If he used his left or right hand now, I don't know. He's sitting there.

Q. So you don't know whether —

A. All I can tell you is that he did not — I didn't have him to [sic] sign anything. He refused to give a statement. He walked in, he walked out.

In *Mallory v. State*,[5] our Supreme Court determined that a comment upon a defendant's silence or failure to come forward "will not be allowed even where the defendant has not received *Miranda* warnings and where he takes the stand in his own defense."[6] However, in this case, trial counsel did not object to the comment in either instance. Thus, Binns has waived this issue by his failure to object at trial.[7]

3. In a related enumeration of error, Binns argues that trial counsel was ineffective for failing to object to Walker's comments.

A defendant claiming ineffective assistance of counsel must show (1) that his attorney's representation in specified

---

[5] 261 Ga. 625 (409 SE2d 839) (1991).

[6] Id. at 630 (5).

[7] See *Landers v. State*, 270 Ga. 189, 190-191 (2) (508 SE2d 637) (1998) (state improperly commented upon defendant's silence but error not preserved for appellate review due to counsel's failure to object); *Marable v. State*, 247 Ga. 509, 510 (1) (277 SE2d 52) (1981) (same).

instances fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. We are not required to address both components of the test if the defendant has made an insufficient showing on one. And we will uphold a trial court's finding that counsel was effective unless it was clearly erroneous.[8]

Assuming that Walker's comments were improper, as the state here concedes, and that counsel should have objected to them,

such an impropriety does not automatically require reversal. The determination of harmful error must be made on a case by case basis, taking into consideration the facts, the trial context of the error, and the prejudice created thereby as juxtaposed with the strength of the evidence of the defendant's guilt.[9]

Binns contends that his case was damaged by the comments because they negatively affected his justification defense. But Binns did not offer a justification defense. When asked if he went to the apartment where the shooting occurred on the day in question, Binns replied that he did not. No other evidence supported a justification defense, and the jury was not charged on justification. The defendant must admit the crime before he can raise the defense of justification.[10] As Binns did not admit the shooting, his argument that the comments affected his justification defense fails.

The context in which the comments were made does not support Binns's argument that they caused harm to his defense. The comments were not made during the state's questioning of Binns but rather when both the state and defense counsel questioned Walker about Binns's physical condition and whether it affected his ability to sign booking forms after his arrest. In neither instance did the questions relate to Binns's post-arrest silence. Therefore, we cannot conclude that but for counsel's failure to object to these comments, the outcome of the trial would have been different.[11] Accordingly, we find that Binns has not shown the prejudice necessary to establish

---

[8] (Footnotes omitted.) *Oliver v. State*, 273 Ga. App. 754, 756-757 (3) (615 SE2d 846) (2005).

[9] (Footnotes omitted.) *Bruce v. State*, 268 Ga. App. 677, 683 (2) (603 SE2d 33) (2004) (comment on defendant's silence or failure to come forward was not a harmful error).

[10] See *Broussard v. State*, 276 Ga. 216-217 (2) (576 SE2d 883) (2003).

[11] See *Hollis v. State*, 225 Ga. App. 370, 371-372 (3) (484 SE2d 54) (1997).

ineffective assistance of counsel.[12]

4. In his fifth enumerated error, Binns argues that the trial court amended Count 10 of the indictment by charging that aggravated battery could be committed in more ways than were alleged in the indictment. The pertinent part of Count 10 of the indictment reads as follows: "Binns . . . did maliciously cause bodily harm to Demone Baker by depriving said Demone Baker of the use of his lower body; said accusing having accomplished said act by shooting Demone Baker with a firearm." The trial court charged that "a person commits the offense of aggravated battery when he maliciously causes bodily harm to another by depriving him of a member . . . of . . . his or her body or by rendering a member of his body useless." The trial court's charge tracked the language of OCGA § 16-5-24 (a), which provides that

> [a] person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof.

Thus, the court's charge was a correct statement of law.[13] Additionally, the charge was tailored to the allegation in the indictment that Baker was deprived of the use of his lower body.

Binns cites *Talton v. State*[14] in support of his argument that the trial court's charge violated his right to due process. However, *Talton* holds that a defendant's due process is violated when "a jury instruction . . . constructively amends an indictment to allow a conviction *based upon proof of fewer than all the material averments of the crime.*"[15] Here, the jury instruction did not allow a conviction based upon proof of less than that alleged in the indictment. Additionally, the trial court charged the jury that "the burden of proof rests upon the state to prove every material allegation . . . of the indictment and every essential element of the crime charged beyond a reasonable doubt." Accordingly, this enumerated error fails.

5. Finally, Binns argues that the state introduced an inadmissible testimonial hearsay statement against Binns at trial. The statement at issue was made during the defense's cross-examination of Walker about his testimony at the preliminary hearing concerning

---

[12] See *Oliver,* supra.
[13] See *Christensen v. State,* 245 Ga. App. 165, 167 (2) (537 SE2d 446) (2000).
[14] 254 Ga. App. 111 (561 SE2d 139) (2002).
[15] (Citations omitted; emphasis supplied.) Id. at 112-113 (1).

Baker's videotaped statement. When asked if Baker told him that Binns tried to rob him, Walker responds, "[i]f you look at the video . . . he [Baker] says that Kemp says, you-all have what I got. I took that to mean they [Binns and his accomplice] were robbing [Kemp and Baker]." No objection was made to this testimony; therefore, any complaint concerning it was not preserved for review.[16]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED MARCH 10, 2009.

*Mark A. Yurachek*, for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.

---

[16] See *Johnson v. State*, 293 Ga. App. 294, 295 (1) (666 SE2d 635) (2008).